THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK MORETTI *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1928—Rehearing denied June 13, 1928.*

1. CRIMINAL LAW—*testimony on preliminary hearing not competent to establish identity at trial.* Testimony taken at the preliminary hearing is not competent at the trial for the purpose of establishing the identity of the accused, but it is competent for purposes of impeachment to show that the testimony given by the witnesses at the preliminary hearing was not in accord with that given on the trial.

2. SAME—*provision of Criminal Code making jurors judges of law is not invalid.* The provision of section 11 of division 13 of the Criminal Code making the jurors judges of the law as well as the facts does not violate constitutional provisions for the election and qualifications of judges of the circuit courts.

3. SAME—*when refusal to allow argument of motion for new trial is not error.* Action of the court in refusing to permit counsel for the defendants to argue their motion for a new trial is not error where the trial was short and the questions few and simple

and where there is no showing of prejudice, as the court's action in allowing the motion to be filed and overruling it preserves for defendants the same rights they would have had if the same action had been taken after an extended argument.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding.

LOUIS GREENBERG, and TYRRELL A. RICHARDSON, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and R. C. BROWN, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiffs in error, Frank Moretti and Carl Moretti, were convicted in the criminal court of Cook county of robbery with a gun and were sentenced to imprisonment in the penitentiary. The robbery occurred at the office of the Druley-O'Brien Coal Company, in Chicago, January 24, 1927, about four o'clock in the morning. Plaintiffs in error were arrested about four months later. They ask a reversal of the judgment because of errors occurring on the trial and on the ground that the evidence does not establish their identity beyond a reasonable doubt.

At the time of the robbery Christ Zimmerman and Charles Allen were on duty as watchmen. They were placed in the wash-room and guarded by one of the robbers, while the others, three or four in number, blew the safe in the office. On the trial Allen identified Frank Moretti as the man who ordered him into the wash-room, and Zimmerman identified Carl Moretti as one of the men who participated in the robbery. On cross-examina-

tion they were questioned concerning their identification of plaintiffs in error at the police station shortly after the arrest and in the municipal court at the preliminary hearing. To support their contention that the witnesses were not certain in their identification, plaintiffs in error offered testimony of two minute clerks of the municipal court, who testified that Zimmerman was unable to identify any of the accused on the first hearing and that he was never certain about his identification of either of the Morettis, and that Allen identified Carl but did not identify Frank. To contradict this testimony the prosecution called a police officer, who testified that Zimmerman identified Carl at the preliminary hearing and Allen identified Frank. The testimony of Zimmerman and Allen on the preliminary hearing was not competent for the purpose of establishing the identity of the accused. (*People* v. *Scott,* 296 Ill. 268.) It was competent, however, for purposes of impeachment, to show that the testimony given by Zimmerman and Allen at the preliminary hearing was not in accord with that given on the trial. It was not competent for the prosecution to support the testimony of the watchmen by showing that they had previously identified plaintiffs in error, and so it was error to permit the police officer to testify to the earlier identification before the defense had offered its impeaching testimony. This error was harmless, however, because the police officer's testimony was competent as rebutting the testimony of the minute clerks. The testimony of Zimmerman and Allen as to the identification of plaintiffs in error stands in the record uncontradicted, and we are not justified in holding that the jury should not have given it credit.

The sixth instruction given at the request of the People tells the jury that they are the judges of the law as well as the facts. Plaintiffs in error contend that section 11 of division 13 of the Criminal Code, on which this instruction is based, contravenes the constitution and is therefore void.

They call attention to the sentence in section 13 of article 6 of the constitution which reads, "one judge shall be elected for each of said circuits by the electors thereof," and to that portion of section 17 of the same article which reads: "No person shall be eligible to the office of judge of the circuit or any inferior court * * * unless he shall be at least twenty-five years of age." The argument is that the General Assembly is denied the power to make jurors judges of the law where the constitution provides for the election and qualification of judges. We fail to find in these sections of the constitution any limitation upon the power of the legislature to enact section 11 of division 13 of the Criminal Code. If there are valid constitutional objections to this legislation, plaintiffs in error have failed to point them out.

Plaintiffs in error contend that they were deprived of some right when the trial court refused to permit them to argue their motion for a new trial, but they do not point out wherein they were prejudiced by this action. The court permitted a motion to be filed and overruled it, and this preserved for them the same rights they would have had if the court had listened to an extended argument. It must be assumed that trial courts will be reasonable and will give attorneys time to prepare and file a written motion for a new trial and to argue the motion where the points raised warrant it. Where the trial is short and the questions few and simple, as in this case, there is no abuse of discretion in a refusal to hear an oral argument of the motion.

No reversible error appearing in the record, the judgment of the criminal court is affirmed.

*Judgment affirmed.*