(No. 23607.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SANTINO SERVILLI, Plaintiff in Error.

*Opinion filed June 17, 1936—Rehearing denied October 9, 1936.*

GEORGE J. SPATUZZA, (W. G. ANDERSON, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, MELVIN S. REMBE, and E. I. HARRINGTON, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Santino Servilli, after waiving a jury and being granted a separate trial, was found guilty in the criminal court of Cook county of receiving stolen property and sentenced to the penitentiary for a term of from one to ten years. He now seeks a reversal of the judgment by this writ of error.

During the night of July 25, 1935, a tavern in Chicago was burglarized and property of Arthur Kauzelbaum, the owner, of the value of at least $600, consisting of twenty-seven cases of whisky, two pistols, a shirt, a pair of pants and $15 in currency, was stolen. On August 15, 1935, police officer O'Connell arrested Anthony Servine, Walter Zaczynski and Mike Kowalski, and after talking with them he obtained a search warrant for the business place of Servilli. He there found two cartons filled with fifty-one bottles of whisky, seven bottles of which were "Grand & Dandy" brand. Four days later Kauzelbaum saw some of the stolen property at the Chicago Lawn police station, and identified two bottles of the lot through marks placed on them in his own handwriting and another through the label Grand & Dandy, of which whisky he had exclusive sale privileges in Chicago. Three or four cases of Grand & Dandy were taken, of the value of $75. The value of the three bottles identified was $12. Servilli asked the police officers not to take the whisky, saying it belonged to an Italian club of which he was a member and was to be used at a picnic. He said he bought all of it about two or three weeks previously from a friend whose name he then refused to reveal. Officer O'Connell then asked Servine, in the presence of Servilli, if that was the whisky he sold Servilli, and he answered, "Yes, part of it." Serville said nothing. Servine further said they had sold Servilli five cases and got $20 or $30 for it.

For the purpose of showing guilty knowledge the People offered evidence of a conversation between officer O'Connell and Servilli, in the presence of one Schultz, concerning

forty-six tuxedo suits, morning suits and cut-away coats found in a room in the rear of Servilli's photographer's shop. Servilli said he was in the business of renting tuxedos, and bought some of them from the wife of a man, now dead, who was in that business, and others from people who were friends of his. Servine, in the presence of Servilli, said he burglarized Schultz's store and sold the loot of that burglary to Servilli, receiving $120 for sixty dress suits. The coats were identified by Schultz as property stolen from him by the mark of the cleaner, his own mark, and by customers' cards found in the pockets of three or four suits. Servilli said he did not know how the cards came to be in the pockets of the clothes, and claimed at first to have a bill of sale for the merchandise but on the trial said he had misplaced it.

Servilli testified he bought the whisky and suits from Edward Caprara, who had previously been sentenced to the penitentiary for the burglary of Schultz's store. Caprara had worked for witness for two and one-half years, and since leaving his employ had told him he was in the auction-sale business. He said that about four years ago Caprara took him to an auction sale on LaSalle, near Clark street, where he bought a quantity of merchandise at small prices, and that he bought the whisky and suits because he believed from his former employment that Caprara was honest. Servilli also said he never had seen Servine in his life and denied buying any whisky or clothes from him. Two witnesses, Vito C. Partipillo and Frank Asatura, testified Servilli had a good reputation for honesty.

The record shows an admission of Servilli that he paid $20 for the whisky. This is corroborated by Servine's statement, made and undisputed in Servilli's presence, that the five stolen cases of whisky had been sold to the latter for $20 or $30. When Servilli was found guilty, and again when sentence was pronounced upon him, the trial judge found the value of the property to be $500. Under the

evidence and findings of the court the contention that the proof failed to show the value of the stolen property to be more than $15 is without merit.

Complaint is also made that the trial court erred in overruling a motion for a new trial without allowing oral argument. The record shows that at the suggestion of the trial judge an oral motion was made for a new trial after Servilli had been found guilty. This motion was denied, with "leave to file a written motion for a new trial in ten days." The court permitted the motion to be filed and thus preserved for Servilli the same rights he would have had if the court had listened to an extended argument. "Where the trial is short and the questions few and simple, as in this case," as we held in *People* v. *Moretti*, 330 Ill. 422, "there is no abuse of discretion in a refusal to hear an oral argument of the motion." This same conclusion has been reached in the more recent cases of *People* v. *Krotz*, 341 Ill. 214, and *People* v. *Chaney*, 342 id. 175.

Both the finding and the recorded judgment contained all the essential elements of the crime of receiving stolen property. The record unmistakably shows that Servilli was in possession of stolen property. The evidence is conflicting only on the question of the identity of the person from whom Servilli bought the whisky and clothes. This point seems immaterial, since the amounts paid in either instance were so small as to put him on notice and show guilty knowledge. Servilli's statements that he bought the whisky from Caprara, who was then in the penitentiary, and the suits from a person then dead, and his failure to produce any invoice or sale bill for these articles, fully warranted the trial court in finding him guilty.

The judgment is affirmed. *Judgment affirmed.*