(No. 24711.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARIÒ VINCI, Plaintiff in Error.

*Opinion filed October 17, 1938.*

FRANK A. McDONNELL, (ELWYN E. LONG, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Mario Vinci was convicted as an habitual criminal in the criminal court of Cook county on a charge of robbery while armed, and sentenced to life imprisonment in the penitentiary. He was tried before the court without a jury, and, after the finding of guilty, motions for a new trial and in arrest of judgment were overruled. Vinci has sued out this writ of error.

It is not contended that the court erred in its rulings on evidence, nor that the finding is against the weight of the evidence, and so it is not necessary to state the facts in detail. The People proved by six witnesses that on November 7, 1936, Mario Vinci participated in a robbery of the "Pow-Wow Gardens," a cafe located in Chicago. One of the robbers was killed, but three of them escaped with $210. Vinci testified in his own behalf and denied his guilt. His father and a neighbor testified as character witnesses for him.

The indictment charged that "one Mario Vinci" committed the robbery, and "that said Marion Vinci then and there was armed." Defendant contends that there was a fatal variance, and that the rule of *idem sonans* does not apply. This question was not presented to the lower court. It was raised for the first time by assignment of error in this court. A misnomer of the defendant in an indictment or information must be pleaded in abatement, and the objection comes too late after a plea of not guilty. *People* v. *Beak,* 291 Ill. 449, 453.

Defendant further contends that there was a fatal variance between the allegations and proof as to the ownership of the property taken in the robbery, since it was alleged that the money belonged to Charles Mellio, but the proof showed that it belonged to Charles Mellio, his brother and John Kokinis. This question was likewise not raised in the trial court, and it cannot be considered here for the first

time. *People* v. *Shaw,* 300 Ill. 451, 454; *People* v. *Weisman,* 296 id. 156.

The indictment charged that defendant had previously been convicted of burglary under an indictment numbered 7530. On the trial it appeared that the proper number of the indictment was 75,300. A stipulation was entered into as to the former conviction, but defendant's counsel objected that there was a fatal variance, because of the difference in numbers. He cites no authority sustaining him, and all that the statute requires is that the former conviction be set forth in apt words in the indictment. (Ill. Rev. Stat. 1937, chap. 38, par. 602.) A comparison of the stipulation and the indictment shows that the only variance between the allegations and proof is in the number of the indictment. The number was not a necessary allegation, and so the variance is on an immaterial point. This contention is overruled.

After the trial defendant employed his present counsel. He complains of the action of the trial court in denying his counsel the right to argue his motions for new trial and in arrest of judgment. He also says that the court erred in striking those motions. In the colloquy between court and counsel the words "strike" and "deny" are used interchangeably, and it is apparent that the court overruled the motions on the merits. The same questions were preserved for review as if the motions had been argued extensively. We must presume that a trial court will be reasonable and give attorneys time to argue motions where the points raised warrant it, but where the trial is short, and the questions are few and simple, as in this case, there is no abuse of discretion in refusing to hear oral argument. (*People* v. *Moretti,* 330 Ill. 422, 425.) The practice of overruling motions for new trial and in arrest of judgment without hearing what reasons will be presented is not approved by this court, (*People* v. *Pers,* 362 Ill. 298, 305,) but whether the rulings are prejudicial depends upon the facts of each case. (*Peo-*

*ple* v. *Marx,* 291 Ill. 40; *People* v. *Moretti, supra.*) We have reviewed the errors assigned which are open for review, and have found them to be without merit. Defendant was, therefore, not prejudiced by the refusal of the court to hear argument.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*