429 P.2d 658

STATE of New Mexico, Plaintiff-Appellee,

v.

Joe MAES, Defendant-Appellant.

No. 30.

Court of Appeals of New Mexico.

June 16, 1967.

Calvin R. Neumann, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge.

April 20, 1966, defendant Joe Maes was convicted in the district court, Curry County, New Mexico, of the unauthorized entry of a structure with the intent to commit theft therein. After sentence had been imposed an information under § 40A–29–5, N.M.S.A., 1953, was filed charging defendant with being an habitual offender.

The averments of the information material to this appeal are "That Joe Maes who after being committed and having been convicted of the following felonies:

1. Breaking and entering—Curry County, New Mexico, Docket No. 4944, on October 10, 1961.

2. Car theft—Curry County, New Mexico, Docket No. 5253, May 8, 1963.

3. Unauthorized entry—Curry County, New Mexico, Docket No. 5570, on April 20, 1966.

And that Joe Maes is an habitual offender contrary to § 40A–29–7 and should be sentenced pursuant to § 40A–29–5, N.M. S.A., 1953 compilation as amended."

The defendant entered a plea of not guilty to the information and trial to a jury resulted in three separate verdicts finding defendant to be the same person as named in each of the three numbered para-

graphs of the information. The trial court set aside the sentence previously imposed in cause No. 5570 and resentenced defendant as an habitual offender in accordance with the applicable statute.

The defendant has appealed from the judgment and enhanced sentence. Two points are relied upon for reversal.

Defendant's first contention as stated by him is as follows: "It is reversible error for the trial court to permit recitation of the offense for which an increased sentence will be imposed in a separate information by which it is sought to establish that a defendant is subject to the habitual offender provision of the statutes of New Mexico."

The defendant excepted to the inclusion in the information of the conviction of April 20, 1966, on the ground of prejudice. He argues that this conviction should not have been mentioned in the information charging him with being an habitual offender because under § 40A–29–7, N.M. S.A., 1953, the only issue is whether accused is the same person who was convicted of "prior" or "previous" offences. It is further contended that the inclusion of the current conviction in the information would serve only to prejudice the defendant by creating an exaggerated picture in the minds of the jurors as to the urgency of removing him from society.

Defendant has cited Lott v. Cox, 75 N.M. 102, 401 P.2d 93 (1965), and State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966) as authority for the proposition that where liability for an enhanced penalty is to be established by separate information only previous convictions are contemplated excluding the last conviction for which enhanced penalty shall be imposed. Neither of the cases cited, in our opinion, lend support to defendant's position.

■■■ It is fundamental that an information in a prosecution seeking an enhanced penalty under § 40A–29–5, supra, must allege facts necessary to bring the case within the language of the statute.

Consequently where sentence is determined by the number of convictions all should be alleged.

■■ The fact of each conviction and the identity of the accused are material issues which must be established unless admitted. See State v. Dalrymple, 75 N.M. 514, 407 P.2d 356 (1965). To exclude any conviction from the information would tend to deprive an accused of the right to challenge the fact of such conviction or that he was the person so convicted. In our opinion the current conviction upon which sentence is to be enhanced is an essential averment of the information and was properly included.

■ Paragraph number one of the information as we have stated alleged that defendant had been convicted of breaking and entering on October 10, 1961, in cause No. 4944. The proof was that cause No. 4944 had been dismissed and defendant had been convicted of the same crime on the same date but in cause No. 4957. This variance was asserted to be fatal in the court below and that court's refusal to sustain defendant's contention is asserted as error here.

We think the variance was immaterial. The prior conviction was adequately identified by stating the crime of which defendant was alleged to have been convicted, the county and date of conviction. Defendant could not have been misled as to the intended proceedings, nor does he contend that by reason of the variance he was unable to prepare a defense.

■ The docket number is not a necessary allegation and consequently the variance is upon an immaterial point. McGill v. United States, 10 F.2d 972 (5th Cir. 1926); People v. Vinci, 369 Ill. 563, 17 N.E.2d 19 (1938); see also §§ 41–6–7 and 41–6–37, N.M.S.A., 1953.

The judgment and sentence of the trial court are hereby affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.