## CHARLES BASHARA v. STATE.

No. A-2306.   Opinion Filed April 26, 1917.

(164 Pac. 324.)

1. **TRIAL—Instruction—Assumption as to Provocation of Difficulty.** The court instructed the jury as follows: "You are further instructed, gentlemen of the jury, that while the law permits a person to defend himself or his wife against real or apparent danger, such is defensive and not offensive; and therefore you are instructed that a person under the law cannot arm himself and invite and provoke a difficulty, and thereupon assault and slay his adversary, and invoke the right of self-defense. And you are instructed, gentlemen of the jury, if you believe from the evidence in this case beyond a reasonable doubt that this defendant armed himself with a rifle and sought the deceased, either acting alone or in conjunction with his wife, for the purpose of provoking or engaging in a difficulty with the deceased, and in furtherance of any such design between husband and wife either husband or wife invoke and provoke a difficulty with the deceased, and thereupon the defendant shot and killed the deceased, then the defendant cannot invoke the right of self-defense." **Held,** that the foregoing instruction does not assume that the appellant invited or provoked a difficulty with the deceased.

2. **HOMICIDE—Instruction—Self-Defense—Provocation of Difficulty—Evidence.** Evidence examined, and **held** sufficient to authorize the trial court to give the aforesaid instruction in this case.

3. **APPEAL AND ERROR—Harmless Error—Instruction.** Where no objection is made or exception taken to the giving of an instruction at the time it is given, and said instruction is partially erroneous, the giving of said instruction is not reversible error, unless

some constitutional or express statutory right of the defendant has been invaded.

*Appeal from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Charles Bashara was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The appellant, Charles Bashara, was a merchant in the town of Tuttle, Okla. His place of business was located on the north side of Main street. The deceased, Selby, was engaged in the real estate business in said town, and his place of business was situated just east of Bashara's store. There was an open space about 18 inches wide between the buildings occupied by these parties. In windy weather a considerable amount of trash blew into this space, and Selby went to Bashara and got permission to place some upright planks across this opening. Some time later Bashara became angry at the manner in which he claimed Selby was using this place between the buildings, claiming that the manner of its use was very annoying to him and his family. After that these planks were torn down, and on the morning of this occurrence they were found in the street in front of the premises. Selby and his partner, Steward, got the planks and nailed them between the opening again. Immediately thereafter Bashara came out and tore them down and threw them back into the street. Again they were nailed up by Selby, and thereafter Bashara went to see a justice of the peace about it, but the justice refused to do anything, and Bashara returned home, informing his wife of that fact. Immediately Mrs. Bashara told her husband that she would tear the planks down if they had to be torn down. This was agreeable to Bashara, and Mrs. Bashara then proceeded to attempt

to tear the planks down with her hands. While she was making this attempt Selby stepped out in front of his building and admonished her not to tear the planks down; that if they were on her premises, he would tear them down himself. Mrs. Bashara remarked that she did not propose to have that space used for the purpose for which it had been used, and that she intended to tear those planks down. She then proceeded to go to a little building in the rear of her store to get an axe, and she immediately returned with the axe and commenced to knock the planks down. Selby still admonished her to leave the planks alone, and according to the witnesses for the defendant, laid his left hand upon her and pushed her back and away from the planks. According to the witnesses for the state, Selby never touched her. About this time the appellant appeared upon the scene at the west end of his store building. He says that he told his wife not to let Selby hurt her; that at that time Selby was pushing her with his hand; that he thought Selby intended to hurt her; that Selby's attention was attracted to him and he immediately remarked, "You ——, —— coward, why don't you come and remove these planks?" Selby was wearing a knit sweater, which was entirely buttoned up in front. At this remark the defendant says he stepped back into a little building occupied by him as a dining room and kitchen just to the west of his store building, and procured his Winchester rifle, immediately returning. When he returned he says Selby made the remark, "You ——, —— coward, I will plug you one," and accompanied this remark with a motion of his right hand to his breast; that thereupon he leveled his rifle upon him and fired the fatal shot; that when he fired Selby had his hand inside of

his sweater, and was attempting to withdraw something from it, and that he saw something move around that looked to him like a ball. The witnesses for the state testified that at the time Selby was shot he was making no attempt whatever to draw a gun or to make any other demonstration of violence toward this appellant; that the appellant stepped out from the west side of his building and told his wife to stand back, and that she stood back against the wall of the building, and that the appellant immediately fired the fatal shot; that at that time Selby was standing on his own porch merely admonishing Mrs. Bashara not to remove the planks. Selby reeled to the rear and fell dead just inside of the front door of his office. After his death an automatic six-shooter was found buttoned up under his sweater. Several witnesses testified on rebuttal for the state that a short time after the killing the appellant said, in explaining the homicide, that at the time he shot the deceased the latter was making a motion with his right hand toward his hip pocket. This occurred in Chickasha while accused was in the custody of the sheriff. It is evident that, according to the testimony of the witnesses for the state, the crime committed here was murder. The evidence on the part of the defendant tends to sustain his plea of self-defense. The parties to the transaction had had some minor difficulties prior thereto, but nothing of a serious nature. Certain evidence was introduced tending to show that the deceased had on one or two occasions threatened the appellant. The jury found the appellant guilty of manslaughter in the first degree, and sentenced him to imprisonment in the penitentiary for a term of ten years. From this judgment of conviction an appeal was taken to this court.

*Barefoot & Carmichael, Bond, Melton & Melton,* and *F. E. Riddle,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. (after stating the facts as above). The only alleged errors relied upon for reversal in this case are the giving of certain instructions, the first of which is instruction No. 15, to which instruction objection was made and exception taken at the time of its giving, and which instruction is as follows:

"You are further instructed, gentlemen of the jury, that while the law permits a person to defend himself or his wife against real or apparent danger, such is defensive and not offensive; and therefore you are instructed that a person under the law cannot arm himself and invite and provoke a difficulty, and thereupon assault and slay his adversary, and invoke the right of self-defense. And you are instructed, gentlemen of the jury, if you believe from the evidence in this case beyond a reasonable doubt, that this defendant armed himself with a rifle and sought the deceased, either acting alone or in conjunction with his wife, for the purpose of provoking or engaging in a difficulty with the deceased, and in furtherance of any such design between husband and wife, either husband or wife invoke and provoke a difficulty with the deceased, and thereupon the defendant shot and killed the deceased, then the defendant cannot invoke the right of self-defense."

The contentions of counsel for appellant that this instruction is erroneous are as follows:

"The court clearly in this last language assumes without sufficient testimony, which point was controverted, that the defendant, to carry out the design which he had formed to slay the deceased, and in furtherance of such design and conspiracy between him and his wife,

invited or provoked a difficulty, etc. If there were any testimony tending to show a collusion or conspiracy between the defendant and his wife, certainly the jury should have been permitted to have passed upon and determined that issue."

"The court in the case at bar, in giving the instruction complained of, very strongly intimates a conspiracy or collusion between the defendant and his wife to provoke a difficulty with the deceased for the purpose of slaying him. We doubt if there is sufficient testimony in the record warranting the court to charge upon an issue of conspiracy by and between the defendant and his wife; but if there be such testimony, certainly a jury should have been permitted to determine this issue; and the detriment to the defendant by the court's assuming such state of facts cannot be calculated."

We cannot agree with these contentions. First, said instruction does not assume that the defendant invited or provoked a difficulty. The instruction assumes nothing. It will be noted that the court instructed the jury that if they believed beyond a reasonable doubt from the evidence that the defendant armed himself and sought the deceased, either acting alone or in conjunction with his wife, for the purpose of provoking or engaging in a difficulty with the deceased, and in furtherance of any such design did provoke a difficulty with the deceased, and thereupon killed him, then the defendant could not invoke the right of self-defense. The clause, "If you believe from the evidence beyond a reasonable doubt," qualifies everything that follows it in the sentence. This was a correct exposition of the law, as this court has repeatedly held in the following cases: *Moutry v. State.* 9 Okla. Cr. 623, 132 Pac. 915; *Koozer v. State,* 7 Okla. Cr. 336, 123 Pac. 554; *Rollen v. State,* 7 Okla. Cr. 673, 125 Pac. 1087.

But it is contended that the court should have gone further and instructed the law to be that, if after any such design on the part of the defendant to seek the deceased for the purpose of engaging in a difficulty, he abandoned such design and then thereafter his life was put in immediate danger, he would have the right to defend himself. The court is only required to instruct upon the law as applicable to the facts. In this case there was not a syllable of evidence falling from the lips of any witness on either side that there was any withdrawal from this conflict on the part of this appellant. As we view the evidence, from his own testimony, the appellant is at least guilty of manslaughter in the first degree. The testimony of his wife would also corroborate this view. The testimony of the only other witness for the defendant does not show a justification or excuse for the homicide.

As to the further contention that the foregoing instruction is not warranted by sufficient testimony in the record, we conclude that this contention is not meritorious. We have carefully examined this record and reached the conclusion that the acts and conduct of the appellant and his wife on the occasion of this homicide disclosed a state of facts which fully authorized the giving of this instruction. Considered, then, from all the angles complained of, we are of the opinion that the trial court did not err in giving the aforesaid instruction on the law of self-defense.

It is also contended that the court erred in giving instruction No. 19, as follows:

"Evidence has been offered in this case, gentlemen of the jury, relative to certain previous difficulties and threats, and certain opprobrious epithets alleged to have

been used by the deceased as against the defendant. You are instructed that even though you should believe from the evidence that the deceased used such epithets and engaged with the defendant in previous difficulties, such previous difficulties or epithets cannot serve as a justification or defense in this case, unless you should find the defendant justifiable and excusable in doing what he did under the evidence and the instructions given you in this case."

An examination of the record discloses that no objection was made or exception taken to the giving of this instruction. In the absence of any such objection or exception, an erroneous instruction could not be ground for reversal unless fundamentally wrong. The instructions are to be considered as a whole, and we find that in this case the court, by instruction No. 17, fully informed the jury relative to threats and former difficulties. In instruction No. 17 the court, among other things, said that such threats were competent for consideration by the jury, together with all the other facts and circumstances in the case, "in determining the guilt or innocence of this defendant." Considered as a whole, and in view of the fact that the defendant under his own testimony and that of his witnesses is at least guilty of manslaughter in the first degree, this court cannot say that there was prejudice in the giving of this instruction, which counsel for the defendant did not see fit to object to at the time. It is the duty of counsel to call the trial court's attention to alleged errors in instructions, in order that he may have an opportunity to correct them; and, where this is not done, this court has repeatedly held that only such errors in the instructions as directly conflict with the constitutional and plain statutory rights of the defendant will be considered.

Upon an examination of the entire record we find no error prejudicial to the appellant, and the judgment is accordingly affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.