## BOB HAYES v. STATE.

No. A-9151. March 12, 1937.
(65 Pac. [2d] 1242.)

J. M. Roberts, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the state.

DAVENPORT, P. J. The plaintiff in error was by information charged jointly with Luther Bradshaw, of the larceny of a hog; was tried separately, convicted and sentenced to serve a term of five years in the state penitentiary. The plaintiff in error will hereafter be referred to as the defendant.

An abstract of the testimony is as follows: Bob Hayes and Luther Bradshaw lived within about three-quarters of a mile of each other; a man by the name of W. P. Moore also lived in a half a mile of the defendant Bob Hayes; Moore owned some hogs; on or about the 10th day of January, 1936, Moore missed one of his hogs and started out to try to find it. In the meantime the sheriff had been notified of Moore's hog being missing; he learned a carcass of a hog had been placed in cold storage at the city of McAlester, that the carcass had been skinned, and the head and feet cut off. Further information disclosed that Luther Bradshaw, accompanied by the defendant, had sold the carcass of a hog to a butcher in Savana, for $9.40, and the butcher placed the carcass in cold storage at McAlester. The butcher's testimony shows he paid Luther Bradshaw $5 in money, and credited the account of the defendant Bob Hayes for $2.20, owing them a balance of $2.20.

Later on the sheriff went out and arrested the defendant and took him to jail at McAlester; and also had Luther Bradshaw up there. When the defendant told his version of what took place, the sheriff and others went with the defendant and he showed them where the head, feet, and hide of the hog had been buried. They took it up and examined it and claimed it was off of a red hog, the same color of hog that Moore had reported missing.

The testimony on behalf of the state further shows that on the day prior to the day Moore missed one of his hogs, Moore went to the defendant's home and wanted to borrow a gun for the purpose of killing a hog, as Moore says, for a man by the name of Turner, but the defendant says he wanted to kill a hog of his own; Moore says the defendant told him he could not let him have the gun as he was going hunting, but the defendant says he told Moore he had promised to kill a hog for Bradshaw, and if he would wait until he had his breakfast he would go down with Moore and kill his hog and go on and help Bradshaw; that Moore said he would kill his with a hammer.

The defendant in his testimony denies he knew this was a stolen hog; that he believed it belonged to Bradshaw, and did not learn any better until after the hog had been killed. He further testified that he stated he knew nothing about the hog because he had promised Bradshaw he would not tell. The defendant admits he shot the hog that Moore claims was his, and that Bradshaw stuck it; then they skinned the hog and cut its head and feet off, and took the carcass to Savana, and sold it to the butcher. The defendant denies he had any interest in the hog and had nothing to do with selling it, and was only assisting Bradshaw with the hog. No testimony was offered by the defendant to show that Bradshaw was the owner of the hog, or where Bradshaw got the hog. One

of Moore's hogs was missing, the weight of the hog being about 160 pounds. The carcass that was sold to the butcher, after it was skinned, and the head and feet cut off, weighed 94 pounds.

As well as it could be ascertained, the testimony of the state shows that the hide, head, and feet cut off the hog was the same kind of a hog that Moore lost.

The foregoing is in substance the testimony offered both for the state and the defendant.

The defendant has assigned and argued several errors as grounds for reversal. The first error argued by the defendant is:

"That the court erred in overruling the defendant's demurrer to the information."

"An information is sufficient which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense." Scott v. State, 40 Okla. Cr. 296, 268 Pac. 312.

The test of the sufficiency of the information is not whether it might have been more certain, but whether it alleges every element of the offense needed to be charged to sufficiently apprise the defendant of what he must be prepared to meet. Ellis v. State, 38 Okla. Cr. 243, 260 Pac. 93.

The court did not err in overruling the demurrer of the defendant to the information.

The defendant next urges that the evidence is insufficient to sustain a sentence of five years. The defendant practically admits every allegation in the information ex-

cepting the charge of stealing the hog. The defendant attempted to justify his actions by saying that Luther Bradshaw hired him to assist in butchering this hog. Bradshaw offered no testimony to show he was the owner of the hog, nor does the defendant call any witness to show the hog he shot for Bradshaw and helped him dress was a hog belonging to Bradshaw.

The record shows the defendant accompanied Luther Bradshaw to Savana to sell the carcass to the butcher; was with him on the road near Savana when he was arrested; and he directed the parties to the place where the hide, head, and feet were buried. Every circumstance and fact points to the guilt of the defendant. The evidence is sufficient to sustain a conviction.

The defendant further urges that he was entitled to a continuance upon his showing made as to what he could prove by the absent witness, if present. The showing made by the defendant would have tended only to contradict W. P. Moore, one of the state witnesses, and the defendant, as the defendant did not remember whether W. P. Moore, the man who lost the hog, had stated that he had his hogs in a pen.

A motion for continuance is addressed to the sound discretion of the trial court. When the testimony of the witnesses would probably not change the result, it is not error to overrule the application. Seigler v. State, 11 Okla. Cr. 131, 145 Pac. 308.

If the absent witness for whom the continuance was asked had been present and testified to the facts set forth in the application of the defendant for a continuance, in the opinion of the court it would not change the result. There is nothing in the record to show that the court

abused its discretion. The motion for continuance was properly overruled.

The defendant has assigned other errors, but after a careful consideration of the record we hold they are without merit. The testimony in this case conclusively shows that Luther Bradshaw and this defendant willfully butchered the hog belonging to the prosecuting witness. Under the evidence the jury could not have done otherwise than have found the defendant guilty.

The defendant was accorded a fair and impartial trial. The instructions of the court taken in their entirety correctly advised the jury as to the law applicable to the facts. There is no error in the record warranting this court in reversing this case and sending it back for a new trial.

The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.