SAMMY STANDERFER v. STATE.

No. A-10142. July 22, 1942.

(128 P. 2d 238.)

Clayton Carder, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and David L. Field, Co. Atty., of Hobart, for the State.

DOYLE, J. The information in this case charged that on the 20th day of March, 1941, in the county of Kiowa, Sammy Standerfer did then and there willfully and unlawfully transport six pints of whisky "from a point unknown in Kiowa county, Oklahoma, to a point

in Kiowa county, Oklahoma, to wit: approximately two miles east and two and three-quarter miles north of the city of Hobart, Oklahoma, the same not being a conveyance of legally purchased whisky," contrary to, etc.

On the trial of the case the jury found the defendant guilty as charged and fixed the punishment at confinement in the county jail for 30 days and a fine of $50.

Motion for new trial was duly filed. On August 30, 1941, the same was overruled; thereupon the court rendered judgment on the verdict. The appeal by petition in error with case-made was filed in this court on September 10, 1941.

The state relied for this conviction upon the testimony of David L. Field, assistant county attorney of Kiowa county, and Mitch Hill, deputy sheriff. Their testimony is to the effect that on March 20, 1941, they left Hobart to go to Mountain View, to hold an inquest; on the way, a short distance south of what is known as the "Five Mile Station," located two miles east and three miles north of Hobart, they passed a car facing south that was parked off the slab; at the filling station they turned back and the defendant's car had been driven from the west side to the east side of the road and parked, and was then headed north. They recognized the defendant at the driver's wheel, and a young man, Denver Dulworth, was in the car. As they approached the defendant drove his car north at a fast speed; they followed; several bottles of whisky were thrown from the car before they overtook the defendant; that broken bottles were on the road, and at one place they picked up a bottle in a ditch that was about one-fourth full of whisky.

Deputy Sheriff Hill testified that when the chase was full on, the defendant was driving at the rate of 60 or 70 miles an hour.

When the state rested, the defendant interposed a demurrer to the evidence upon the ground of fatal variance in the following particulars:

"That the evidence is wholly insufficient to prove the information as laid, in that each of said witnesses testified that he knew the point from which the transportation started, and did so at the time of filing the information, notwithstanding the information alleges from a point unknown to the designated point, and by reason thereof there is a fatal variance between the charge and the proof."

Which demurrer was overruled, exception allowed.

As a witness in his own behalf the defendant testified that he was 24 years old, was married, at the time charged lived at what is known as the "Five Mile Station," for about three months; that his business here in Hobart was flour and feed; that on the occasion in question he had come to Hobart and met Denver Dulworth walking down the road, north of the filling station; that he turned around to take Dulworth back to the station and Dulworth got in the car; that when he first saw Dulworth there was nothing in his hands; that after he got in the car and started up, Dulworth threw out a package, but that he, defendant, did not know what it contained. That as far as he knew, Dulworth threw out only one package, but there could have been others thrown that he did not see.

On cross-examination he admitted that in 1937 he had entered a plea of guilty to unlawful possession of intoxicating liquor.

Counsel for plaintiff in error in his briefs states:

"The assignments of error raise but a single legal contention which is, that there is a fatal variance between the pleading and proof, by reason of which the demurrer to the evidence should have been sustained, and the defendant discharged.

18

"The contention stated in a more precise manner is that in an information charging the offense of illegal transportation of intoxicating liquor from one place within the state to another, if known, these different localities must be stated, and that an information that merely charges the offense in the general words of the statute is insufficient to plead a violation of law.

"The failure to so state the different locations of origin and termination, when known, is therefore a matter of substance, not mere form, and is not excused by the harmless error doctrine."

In support of this contention defendant in an extended brief cites numerous cases.

It is sufficient to say there is no analogy between the facts in the cases cited and the facts in this case.

The record shows that the sufficiency of the information was challenged for the first time in the defendant's demurrer to the state's evidence. However, the information is sufficient to charge the offense of unlawful transportation of intoxicating liquor. 37 O. S. 1941 § 1.

It is well settled that the conveyance of intoxicating liquor from one point on a public highway to another point on the same highway is a conveyance from place to place within the state. Jentho v. State, 19 Okla. Cr. 434, 200 P. 251.

In the contention made counsel assumes that the testimony of the defendant in his own behalf, because undisputed, should be considered as true.

It is the exclusive province of the jury to pass upon the credibility of witnesses and the weight of their testimony.

After carefully considering the record in this case, we find no good reason for disturbing the verdict. The judgment of the lower court is accordingly affirmed.

BAREFOOT, P. J., and JONES, J., concur.