ERNEST POWELL v. STATE.

No. A-10632.    Dec. 4, 1946.

(174 P. 2d 929.)

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Haskell A. Holloman, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant Ernest Powell was convicted in the county court of Carter county of the offense of illegal transportation of intoxicating liquor, and has appealed.

The sheriff of Carter county and one of his deputies had secreted themselves near the Santa Fe depot in the town of Gene Autrey early in the morning of April 23, 1943. Just before the northbound train arrived, an automobile driven by one Leck White stopped just a few feet from where the sheriff was hiding. After the arrival of the train, the defendant got off the train on the side opposite the depot with a suitcase and a box with the word "whisky" printed on the outside thereof in his arms and proceeded toward the car of Leck White. After the defendant had walked a short distance toward the car, he set the box down on the ground, took the suitcase on to the automobile and then returned to get the box. The sheriff then approached the Leck White automobile and when the defendant retrieved the box which he had left on the ground and started toward the car, he recognized the sheriff, dropped the box and turned and started walking away very fast. The

sheriff called to him to halt, but the defendant did not stop until a deputy who had come around the train grabbed him. A large quantity of whisky was found in the cardboard box.

The first assignment in error is that the information did not state the offense of illegal transportation of liquor.

The charging part of the information is as follows:

"That Ernest Powell in the county and State aforesaid, on the day and year aforesaid did knowingly, wilfully and unlawfully convey and transport certain intoxicating liquor, to-wit: 60 pints of whisky from a point unknown to your informant to a point near the Santa Fe station in the town of Gene Autrey, Oklahoma."

This information purports to charge an offense under the statute which provides in part as follows:

"It shall be unlawful for any person, individual or corporation * * * to ship, or in any way convey, such liquor from one place within this state to another place therein." Title 37 O. S. 1941 § 1.

The contention that the information is insufficient is based upon the holding of this court that the gist of an offense charged under the above statute is the conveyance from "one place to another place". The word "place" has a variable meaning. As used in the statute, it means region or locality. Davis v. State, 38 Okla. Cr. 39, 259 P. 172; Wilder v. State, 34 Okla. Cr. 291, 246 P. 660.

The defendant, after citing this rule of law, states that an information charging the transportation of liquor from one place to another in the state must show a removal from one locality to another, and if the different localities are known they should be alleged.

The fallacy of defendant's reasoning is based upon his contention that the transportation consisted of moving the whisky just a few feet on the depot platform. The record discloses, however, that the whisky was brought into the town on the train, and, under the proof of the officers, it was conveyed by the defendant to a point near the Santa Fe station in the town of Gene Autrey. Since the place from which it was conveyed on the train was not known by the officers, it was impossible for the county attorney to allege from what locality or region it was conveyed. Under such circumstances, it was proper to allege in the information that the whisky was conveyed from a point unknown to the point near the Santa Fe depot.

The information is sufficient to meet the test we have often applied in criminal cases, that is that an information is sufficient where it definitely apprises an accused of the particular crime with which he is charged and enables him to prepare his defense and to protect him from jeopardy against another prosecution based on the same state of facts.

The second assignment of error is closely connected with the first assignment of error in that counsel for defendant contends that there was a fatal variance between the allegations of the information and the evidence of the state.

This proposition is based upon the allegation in the information that the defendant conveyed the liquor "from a point unknown to your informant" while the sheriff testified that he did know of his own knowledge that the defendant had transported the liquor from the steps of the train.

It is true that the sheriff testified that he saw the defendant get off the train with a box in his hands and start

toward the parked automobile. However, as hereinabove pointed out, the state's case was not based upon the short distance the intoxicating liquor was carried there where defendant left the train. It was based on the fact that there was a transportation by the defendant of the whisky on the train to that locality and its removal from the train and conveyance a few yards along the railroad right of way towards the automobile of Leck White.

In the case of Standerfer v. State, 75 Okla. Cr. 15, 128 P. 2d 238, the facts were similar to the case at bar, the information was almost identical in wording to that in the instant case, and this court there held that there was no variance in the allegations of the information and the evidence of the state.

It is next contended that the court erred in failing to fully define what was meant by transporting intoxicating liquors, but merely cited the statute and referred the jury to the information for a definition of the offense.

No requested instruction was presented by counsel for defendant. Moreover, we find that among other instructions the trial court gave the following:

"You are further instructed that it is unlawful for any person to ship or in any way convey any liquors or compounds of any description whatsoever either medicated or not which contain more than three and two-tenths (3.2%) per cent of alcohol measured by weight and which is capable of being used as a beverage, except prescriptions compounded by a licensed pharmacist, the sale of which would not subject him to the payment of the special tax as required by the laws of the United States, from one place within this state to another place therein.

"You are instructed. Gentlemen of the Jury, that if you find from the evidence beyond a reasonable doubt that the defendant, Ernest Powell, did in Carter county, Okla-

homa, on or about the 23rd day of April, 1943, commit the crime of transporting intoxicating liquor as charged in the information filed herein, it will be your duty to convict the defendant and assess his punishment at a fine of not less than $50.00 nor more than $500.00 and not less than 30 days or more than six months in the county jail. If, on the other hand, you find from the evidence that the defendant is not guilty, or have a reasonable doubt thereof, you will so say by your verdict and acquit him."

It has often been held that statutory offenses should be in the terms of the statute or in words of similar import. Barfield v. State, 71 Okla. Cr. 195, 110 P. 2d 316.

Since the court in the first of the instructions above quoted followed the exact language of the statute, the giving of such instruction certainly is not error, and in the absence of any request for the court to further define what is meant by the term "from one place within this state to another place therein," the failure to enlarge upon the statutory definition of the offense would not constitute reversible error.

The judgment of the county court of Carter county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.