# SID YOUNG v. STATE.

No. A-10633.   March 26, 1947.

(179 P. 2d 173.)

W. C. Henneberry, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dixie Gilmer, County Atty. of Tulsa, for defendant in error.

BAREFOOT, P. J.   The defendant, Sid Young, was charged in the district court of Tulsa county with the crime of murder, was tried, convicted of manslaughter in the

first degree and sentenced to serve a term of 10 years in the State Penitentiary, and has appealed.

The charge herein was the outgrowth of the killing of Vernon Lee Campbell at the OK Barbeque Stand and Beer Tavern, in the city of Tulsa in the early morning of July 2, 1944. Defendant was working at the barbeque stand and beer tavern and was on duty on the night of the difficulty. He testified that he first saw Vernon Lee Campbell in the tavern about 11 o'clock on the night of July 1, 1944. There was a bar in the tavern, and also booths where customers sat while drinking beer. During the evening Vernon Lee Campbell and another boy, Vernon Horn, had a fight while sitting in one of the booths. The defendant, who was behind the bar at the time, went to the booth and first put Vernon Horn out of the place, then ejected Vernon Lee Campbell. Both of these parties afterwards went back inside the tavern, and there is some conflict in the testimony as to the number of times the deceased was put out of the building by defendant, but when he returned the last time, some words were exchanged between them, and as Campbell started toward the door, the defendant immediately came from behind the bar, picking up a .45 automatic from under the counter as he did so, and placed the gun in his pocket. He at once attempted to and did shove Campbell out of the door and onto the sidewalk.

A number of eyewitnesses testified for the state, and their testimony was that defendant was striking Campbell about the head with the pistol, and that Campbell had his hands up trying to ward off the blows. They testified that Campbell was knocked down but that he got up and was backing to the east, followed by defendant. Most of the witnesses testified that he backed from 25 to 40 feet, and was being followed by defendant. Each of these wit-

nesses testified that they heard the pistol fire and that Campbell immediately fell to the ground. That there was a distance of at least five feet between defendant and the deceased at the time the shot was fired. All of the state's witnesses testified that they at no time saw a knife in the hands of deceased, and that they did not at any time see any demonstration by him toward defendant, testifying that he continued to back, until the shot was fired.

Defendant testified that he was cut on the finger with a knife in Campbell's hand at the time of the scuffle between them. One of the witnesses for defendant testified that he found a knife the morning following the difficulty near where the body of the deceased had fallen; and several other witnesses testified to seeing the cut or the blood on defendant's hand soon after the trouble. Defendant testified that he struck deceased with the pistol and that it was accidently discharged, striking the deceased in the head and killing him. He also testified that deceased was attempting to hit him when he struck him with the gun.

For a reversal, it is first contended that the court erred in refusing to grant defendant a continuance. This contention is based upon the absence of a witness, Chester Diamond, who, defendant states, saw a knife in the hand of the deceased at the time the gun was discharged. As shown by the record, this witness had made a statement to this effect at the police station the morning following the difficulty. The defendant, as above stated, testified to the deceased having a knife in his hand; two witnesses and a policeman testified to seeing the cut or blood on defendant's hand, and the knife found near where deceased had fallen was introduced in evidence. In view of all the testimony, it seems to us that the testimony of this witness, if present, would not have changed the results of the trial;

and the defendant in his brief admits that the testimony of this witness would have been cumulative.

In our opinion, the application for continuance failed to show due diligence on the part of the defendant to secure the presence of this witness, and sufficient grounds for the belief that a continuance would result in securing his presence or deposition at a later date. It is alleged that a subpoena had been issued for the witness Chester Diamond, but the date of the issuance of the subpoena was not shown, and the subpoena was not offered in evidence.

We are of the opinion that under the circumstances, the trial court did not err in overruling the motion for a continuance. Bryan v. State, 5 Okla. Cr. 542, 115 P. 619; Seigler v. State, 11 Okla. Cr. 131, 145 P. 308; Hunt v. State, 38 Okla. Cr. 294, 260 P. 512; Hayes v. State, 61 Okla. Cr. 105, 65 P. 2d 1242; Lane v. State, 65 Okla. Cr. 192, 84 P. 2d 807; Scott v. State, 72 Okla. Cr. 305, 115 P. 2d 763.

It is next contended that the court erred in instructing the jury, and in refusing to give the defendant's requested instructions.

We have carefully examined the general instructions given by the court, and the refused instructions requested by the defendant.

Defendant requested in writing four instructions. Some of these were given by the court. Defendant's requested instruction No. 1 was given in exact terms as requested, in the court's instruction No. 15. Instruction No. 16, given by the court, is in almost identical language as requested instruction No. 3, and expresses the same thought. Requested instructions Nos. 2 and 4 were fully covered by the general instructions given by the court. These general instructions were fair to the defendant, and he was in

no way prejudiced by the giving of any instruction. Counsel questions instructions Nos. 17 and 18, but cites no authority to sustain his contention. Instruction No. 17 was approved by this court in the case of Alcorn v. State, 56 Okla. Cr. 156, 35 P. 2d 735. Instruction No. 18 defines the word "aggressor". Defendant offered no requested instruction with reference thereto. An examination of this instruction does not reveal to us that defendant could have been in any way prejudicied by the giving thereof. In Bashara v. State, 13 Okla. Cr. 304, 164 P. 324, 326, this court said:

"The court is only required to instruct upon the law as applicable to the facts. In this case there was not a syllable of evidence falling from the lips of any witness on either side that there was any withdrawal from this conflict on the part of this appellant."

In the case before us, we find no evidence in the record of the defendant attempting to withdraw from the difficulty.

Instruction No. 13, which is questioned, only defines homicide when committed by accident and misfortune as it is defined by the statutes (Tit. 21 O. S. 1941 § 731). No objection or exception was taken to the giving of this instruction.

It is contended by defendant that the court erred in refusing to give an instruction on second degree manslaughter.

An examination of the record does not sustain this contention. The defendant was at all times armed with a pistol, a deadly weapon. His defense was that of self-defense, and also excusable homicide. The elements of second degree manslaughter do not here appear and the court did not err in refusing to submit the issue of manslaughter in the second degree, under the facts in this case.

It is finally contended that the court erred in refusing to sustain the demurrer to the evidence, and that the sentence is excessive.

The defendant was charged with murder. It is unnecessary to make a further detailed statement of the evidence. From what has been said, it will be noted that there was a direct conflict in the testimony. This case was tried before a jury, and they had an opportunity to see and hear the witnesses. They returned a verdict of guilty of manslaughter in the first degree, and assessed the punishment of the defendant at 10 years in the penitentiary. There was some conflict in the testimony, as above stated, but as an appellate court, we will not reverse a case where there is a conflict in the testimony and the evidence is sufficient to sustain the judgment and sentence. Sanders v. State, 46 Okla. Cr. 293, 287 P. 846; Grooms v. State, 77 Okla. Cr. 448, 142 P. 2d 862; Wehr v. State. 79 Okla. Cr. 426, 155 P. 2d 731.

From what has been stated, we do not find that the judgment and sentence were rendered by reason of undue passion or prejudice, or that the same is excessive.

For the reasons above stated, the judgment of the district court of Tulsa county is affirmed.

JONES and BRETT, JJ., concur.