Fred Joseph WHITE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14767.

Court of Criminal Appeals of Oklahoma.

July 30, 1969.

Rehearing Denied Sept. 17, 1969.

Tom Gudgel, Jr., Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Fred Joseph White, hereinafter referred to as defendant, was convicted in the District Court of Creek County for the crime of Manslaughter in the First Degree and was sentenced to serve four years imprisonment in the State Penitentiary at McAlester. The Information specifically alleged that on July 12, 1967, the defendant, while driving under the influence of intoxicating liquor at a high speed, failed to drive to the right of the center of the road and was involved in an accident causing the death of five persons. On the day of the trial, the State moved to amend the Information by striking the names of four people killed in the accident, leaving only the name of Es-

tella Chappelle. The case was tried on December 12, 1967, before the Honorable Jess I. Miracle, District Judge, with the State represented by Mr. David Young, District Attorney, and his assistant, Mr. Tom Lucas, and the defendant represented by Mr. Guy W. Fitzsimmons. The jury on the same date returned its verdict of guilty as charged. On December 19, 1967, defendant's Motion in Arrest of Judgment and Motion for New Trial were overruled and the court entered judgment and sentence in accordance with the verdict of the jury, from which defendant has perfected this appeal.

The defendant, by his counsel on appeal, has raised several assignments of error, which are mainly conclusionary allegations without merit and unsupported by citation of authority, but which we will consider in order of their occurrence in the record.

■■ We first note defendant's contention that it was error for the trial court to allow the District Attorney to amend the Information on the day of the trial since the defendant was prejudiced thereby. The record indicates that prior to the beginning of the trial the District Attorney made a motion for leave to amend the Information which was granted by Judge Miracle. This amendment to the Information consisted of removing the names of four of the five people killed in the accident. Thus, the defendant was tried on the basis of the death of Estella Chappelle only. Defendant argues that this amendment to the Information prejudiced him and that he was thereby tried on a felony without the benefit of a preliminary examination on the charge. We find no merit to the contention of the defendant. There was no substantial change in the Information which could have operated to surprise the defendant, materially affect his defense, or otherwise injure his case. Not only does the Court fail to see how the defendant was prejudiced by the amending of the Information, but the defendant fails to set out in what way he was prejudiced by the amendment to the Information. In Herren v. State, 72 Okl. Cr. 254, 115 P.2d 258 (1941), this Court held

**325**

in the fifth paragraph of the Syllabus as follows:

"An information may be amended in matters of either form or substance when it can be done without prejudice to the substantial rights of the accused. No amendment shall cause any delay in the trial unless for good cause shown by affidavit." 115 P.2d, at 259.

Defendant did not show good cause for delay or how he was prejudiced, either to the trial court or this Court on appeal, and we accordingly find this assignment of error to be without merit.

Defendant next asserts as error the failure of the District Attorney to state the plea of the defendant after he had read the Information to the jury. In support of his position the defendant cites 22 O.S.1961 § 831, which, in providing for the order of trial proceedings, provides that after the indictment or information has been read, the Clerk or District Attorney shall state the plea of the defendant to the jury. With reference to this statute, this Court held in Ethridge v. State, Okl.Cr., 418 P.2d 95 (1966):

"The statute above quoted authorizing the clerk or the county attorney to read the information and state the plea of defendant to the jury is directory and not mandatory.

It is not error alone that requires reversal, but error plus injury." 418 P.2d, at 97.

Not only does the record fail to disclose an objection by the defendant at the time of the omission by the District Attorney, but we fail to see how the defendant could have been prejudiced by this technical oversight of a directory nature. Accordingly, we reject this contention as being without merit, for no injury as a result thereof can be found.

Regarding the evidence, the record indicates that the State called sixteen witnesses and the defendant called six witnesses including himself. The testimony indicated that prior to the accident, which occurred a short distance out of Sapulpa, defendant was seen in Sapulpa by numerous people, appeared to be "tight," and most having formed the opinion that defendant was in no condition to be driving. Defendant was found at the scene of the accident, behind the wheel of his automobile which had struck the car left of center in which the deceased was a passenger. There was also testimony that the defendant's car shortly before the accident, had been seen being driven in a reckless manner. There is no controversy that the defendant was driving the automobile, which struck the car in which the deceased was a passenger. However, defendant testified that he had only had three beers on the night of the accident and that during the evening he had drunk some coffee neutralizing the effect of the beers.

Defendant cites as error the trial court's sustaining the objections of the prosecuting attorney to certain examination of witnesses attempted by defense counsel. Defendant contends that this prevented him from examining witnesses in order to establish his theory of defense. The Court has carefully reviewed the portion of the record in question and finds that the questions asked by the defense counsel required hearsay answers or were immaterial, and we find that the trial court properly sustained the objections of the prosecuting attorney. Defendant contends that he was attempting to impeach one of the State's witnesses who had been in the company of the defendant prior to the accident. While it is permissible for counsel to impeach a witness, he cannot do so through hearsay or immaterial matters.

Another assertion of error by the defendant was the trial court's allowing a State's witness, Rev. Thomas O. Chappelle, to testify regarding his conversation with the defendant in the hospital while he was recovering from his injuries after the accident. The defense counsel contends that the defendant at the time of his conversation with the witness was under sedatives and narcotics for severe pain and that his

physical and mental condition made him unaware of the possible results of his conversation and admissions. Counsel then concludes that there was error since it was not clearly demonstrated at the trial that the defendant had the capacity to determine the possible outcome of his admissions. The testimony in question was between witness Chappelle and the defendant on July 24, 1967, some twelve days after the accident. Witness Chappelle testified that he had been contacted by a minister on behalf of the defendant who wanted to talk to Chappelle about the accident. Witness Chappelle testified that the defendant in referring to the accident said that he was drunk, regretted the incident, and asked how he could repay for loss of lives involved.

From a review of the record we find no indication that the defendant at the time of this admission was under the influence of drugs or in such a mental condition as to be unaware of his statements. Defense counsel suggests that the defendant was under drugs; however, no effort was made to establish the fact that the defendant was under drugs at the time of his conversation with witness Chappelle. Nor was there any other offer of evidence by the defendant that he was not rational at the time he made the statements. Granted, an accused's mental and physical condition at the time that he made statements may be challenged (22A C.J.S. Criminal Law § 730, p. 1034), there was no evidence which would conflict with the assertion that the defendant was rational at the time that he made the statements. Defense counsel offers no conflicting evidence. The ultimate test of a confession is its voluntariness and statements against interests are admissible if they can withstand this test. In re Pate's Petition, Okl.Cr., 371 P.2d 500 (1962). The record indicates that the defendant was rational, and we find no evidence to the contrary. We therefore conclude that the statements made by the defendant to witness Chappelle were voluntary and therefore admissible.

Defendant further cites as error the the trial court's failure to sustain his Demurrer to the evidence and that the verdict was not sustained by the evidence. In view of the record, which amply supports the conviction, we find that these contentions are wholly without merit. The State did, indeed, prove that the defendant was guilty of a misdemeanor, driving while intoxicated, which resulted in a death. Defendant implies, without express assertion, that the defendant could have been intoxicated or under influence of drugs other than his own voluntary consumption of intoxicating beverages. The State amply proved that the defendant had voluntarily consumed intoxicating liquor and that he was intoxicated prior to the accident. We conclude that the evidence was not subject to demurrer, and was sufficient to support the verdict.

Defendant further asserts that it was error of the trial court to overrule his Motion for Continuance and mistrial due to the absence of a material witness for the defense. In the presentation of the defendant's case, defense counsel called Paul Sikes who failed to appear. The defendant then moved for a continuance. The Motion was overruled by the court with the remark that the possible non-attendance of this witness had been called to the attention of defense counsel previously and that defense counsel failed to notify the court if he desired action taken to secure the attendance of this witness. Defense counsel then moved for a mistrial for the reason that the defendant was not allowed a continuance for the purpose of obtaining the presence of a material witness. Defense counsel argued to the trial court that this witness would testify that he was with the defendant prior to the accident, why the defendant had been allowed to drive his car home, and that it was his opinion that the defendant was not able to drive. The trial court ruled that this would be merely cumulative of evidence already presented. After a review of the record, we find no error in the rulings of the trial court. This Court has held that it is not error to refuse a con-

tinuance sought so that a witness may be produced when the evidence sought to be admitted would be merely cumulative. Pitts v. State, Okl.Cr., 431 P.2d 449 (1966). In Graham v. State, Okl.Cr., 275 P.2d 1020 (1954), this Court affirmed the conviction for operating a motor vehicle while under the influence of intoxicating liquor and held in the second paragraph of the syllabus as follows:

"A motion for continuance is addressed to the sound discretion of the trial court. When the testimony of the witness would probably not change the result, it is not error to overrule the motion." 275 P.2d, at 1021.

We therefore conclude that there was no error in the denial of defendant's motion for continuance or mistrial due to the absence of a material witness.

It is defendant's further contention that it was error for the trial court to refuse defendant's requested Instruction Number One. This requested instruction reads as follows:

"You are further instructed that, should you find, or even have a reasonable doubt thereon, that the defendant, at the time of the incident involved herein was intoxicated, or that his mind was bereft of reason by the recent use of some drug or narcotic, but that his intoxication of aforesaid mental condition has been produced by the artifice or fraud of the deceased or other persons, and should you further find, or have a reasonable doubt thereon, that said intoxication or said mental condition brought about by the use of drugs or narcotics administered as aforesaid, was to such an extent as to absolutely destroy the reason of the defendant for the time being, as far as his knowledge of his acts is concerned, that is, placed the defendant in such mental condition that he had no knowledge of the nature or character of his acts, and was not able to discern and know whether the same was right or wrong, and adhere to the right and avoid the wrong, then in such event, if the defendant com-

mitted the act charged in the information, you should acquit him."

It is a well established rule that where the approved instructions as a whole cover the law of the case, the refusal of incorrect and inapplicable requested instructions is not reversible error. Wilson v. State, 28 Okl.Cr. 102, 228 P. 1108 (1924). In Holt v. State, Okl.Cr., 278 P.2d 855 (1955), this Court held:

" * * * [T]he jury must be advised of defendant's theory of defense where there is evidence to support it, even though such evidence is discredited. The question is a fact one for the determination of the jury, and it is the function of the jury to weigh the evidence." 278 P.2d, at 857.

The import of the defendant's requested instruction seems to be that his intoxication or mental condition was caused by deception of other persons, rather than voluntary intoxication and that his condition, brought about by the use of drugs or narcotics administered by fraud, was such as to absolutely destroy the reason of the defendant. After a careful review of the evidence, we find no evidence whatsoever to indicate that anyone at any time before the accident administered any drugs or narcotics to the defendant. Nor is there any evidence in the record that the defendant's intoxication or mental condition was the result of anything other than his own voluntary intoxication. Since there was no evidence to support the theory that "other persons" had administered drugs or narcotics by fraud to the defendant, the trial court wisely and within its sound discretion denied the requested instruction of the defendant which was at best inapplicable.

It is defendant's further contention that Instruction Number Six given to the jury by the trial court was reversible error because it was an improper statement of the law. Instruction Number Six as given to the jury reads as follows:

"You are instructed that the law of this State provides: 'It shall be unlawful for

any person who is under the influence of intoxicating liquor, to operate or drive a motor vehicle on any thoroughfare, highway, country road, state highway or state road, public street, avenue, public park,' and any person violating the provisions of this section shall be deemed guilty of a misdemeanor."

Title 47 O.S.1961, § 11–902(a), provides as follows:

"It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive, operate, or be in actual physical control of any motor vehicle within this state."

 It is true that Instruction Number Six is not an identical quote of the statute; however, it can hardly be said that Instruction Six is a mis-statement of the law, since the only variance from the statutory language concerns the language "to operate or drive a motor vehicle on any thoroughfare, highway, country road, state highway or state road, public street, avenue, public park." This description of where the motor vehicle should not be operated is a former version of this statute. An instruction setting out the statute on which the prosecution is based, practically in language of the statute, is not erroneous. Sharp v. State, Okl.Cr., 407 P.2d 593 (1965). Although an instruction defining a statutory offense should be in the terms of the statute, it is sufficient if it is in words of similar import. Powell v. State, 83 Okl.Cr. 194, 174 P.2d 929 (1947). Therefore, although the court's instruction used the language of a former version of the statute, the instruction was an adequate statement of the law as it existed at the time of the trial, and in no way was an inaccurate or misleading statement of the law which could prejudice the defendant.

Having reviewed the record, we find that the evidence is sufficient to sustain the conviction and that the errors complained of by the defense are without merit or sufficient import to require reversal or modification. Accordingly, the judgment and sentence imposed in the District Court is hereby affirmed.

BRETT, P. J., and NIX, J., concur.