Willie WARTSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–851.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1977.

Clarke L. Randall, Appellate Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Douglas L. Combs, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge.

Willie Wartson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–76–276, for the offense of Knowingly Concealing Stolen Property, in viola-

tion of 21 O.S.1971, § 1713. His punishment was fixed at one (1) year in the county jail and a fine of Five Hundred Dollars ($500.00), and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Glenn Hawkins testified that on January 29, 1976, he lived in an apartment at 1634 South Cincinnati in Tulsa. He and his roommate, Otto Norman, left the apartment at approximately 8:00 p. m. and did not return until the following morning. He found the apartment smouldering and several items missing. His roommate called the fire department and police department. He gave Investigator Campbell the names of possible suspects, including the name of the defendant. He testified that he had known the defendant for approximately eight months. The defendant had been in his apartment on the afternoon of January 28th. He next observed the missing items, including a color television set and stereo equipment, in the property room of the Tulsa Police Department on January 29th. He identified State's Exhibit No. 5 as his record albums which were found in the defendant's apartment. He admitted that he was a homosexual and that he had sexual relations with the defendant on two occasions.

Officer Richard Campbell testified that he assisted in the investigation of a burglary arson at Glenn Hawkins' apartment. He obtained the names of several suspects from Hawkins. He proceeded to defendant's apartment and observed him walking toward an automobile. He advised the defendant that he was investigating a burglary and arson, and also advised him of his *Miranda* rights. Defendant stated that he did not know anything about the incident and consented to allow the officer to search the automobile and his apartment. He identified State's Exhibits 1 through 4, as a color television set and stereo equipment found in defendant's apartment. Defendant stated that the items belonged to Glenn Hawkins and that he found them when he returned to his apartment after spending the night elsewhere. He did not know how the items got into his apartment and was on his way to discuss the matter with Hawkins when he was stopped by the Officer.

For the defense, Mike Jones testified that he was a friend of the defendant and was acquainted with Glenn Hawkins and Otto Norman. Defendant and Hawkins "were dating" in the fall of 1975. He testified that Hawkins currently hated the defendant because of "different affairs" between Hawkins, Otto Norman and Calvin Brant. He testified that he went with Hawkins to Dallas and Houston for a weekend and that Hawkins used credit cards in his presence.

■ Defendant asserts, in the first assignment of error, that the trial court erred when it failed to grant his Motion for Continuance. We must disagree. We first observe that the record reflects the defendant made an oral request for continuance based upon a missing witness having previously announced ready for trial. In *Wright v. State*, Okl.Cr., 505 P.2d 507, 512 (1973), we stated:

"The record further reflects that appellant Wright's newly-hired attorney made no effort to comply with the statutory requirements fundamental to a motion for continuance. 22 O.S.1971, § 584; 12 O.S.1971, § 668. We have previously held that the failure of an affidavit for continuance to comply with the requirements of § 668, *supra*, renders a request for continuance fatally defective. *Snow v. State*, Okl.Cr., 453 P.2d 274 (1969); *Crosswhite v. State*, Okl.Cr., 317 P.2d 781 (1957). . . . "

■ We would next observe that defendant has totally failed to show how he was prejudiced by the trial court's failure to grant the Motion for Continuance. Defendant's attorney informed the trial court as follows:

" . . . He [the missing witness] will be able to rebut the prosecuting witness and Mr. Norman insofar as I believe they are not entirely as pristine and clean as meets the eye with respect to possible subterfuge in this particular proceeding and the filing of this particular proceeding. . . . "

[Tr. 13] Defendant successfully elicited testimony as to the prosecuting witness' moral character and his feelings of hostility toward the defendant through the testimony of Mike Jones and the cross-examination of the witness. This Court has consistently held that where the testimony of an absent witness would only be cumulative, it is not error to overrule a Motion for Continuance based upon the absence of the witness. See *Pitts v. State*, Okl.Cr., 431 P.2d 449 (1967) and *White v. State*, Okl.Cr., 458 P.2d 322 (1969), cert. den. 397 U.S. 917, 90 S.Ct. 922, 25 L.Ed.2d 98. We, therefore, find this assignment of error to be without merit.

■ Defendant contends, in the second assignment of error, that the trial court erred in not allowing his counsel to fully cross-examine the State's prosecuting witness. The defendant complains that he was prejudiced when the trial court sustained an objection to the following question:

"Q. I see. Do you think the defendant coveted Otto?"

[Tr. 58] We are of the opinion that the trial court's ruling was correct in that the question called for a conclusion of the witness and further, that it pertained to matters purely collateral to issues at hand. See *White v. State*, Okl.Cr., 458 P.2d 322 (1969) and *Haywood v. State*, Okl.Cr., 509 P.2d 173 (1973).

In his final assignment of error, defendant asserts that he was prejudiced and denied a fair trial by improper comments made by the prosecuting attorney concerning his failure to testify. The record reflects that the prosecuting attorney stated, in his closing argument, as follows:

" . . . Ladies and Gentlemen, every ounce, every shred of evidence that came from that witness stand that the state produced is what? Uncontradicted. Did you hear anybody get on that stand and tell you that the defendant was not in possession of the property, that the defendant was not in possession of the records that he said belonged to him? You didn't hear anybody say anything like that now, did you? The evidence isn't there. . . . "

[Tr. 165] We are of the opinion that the prosecuting attorney's comments were not improper. In *Green v. State*, Okl.Cr., 541 P.2d 224, 228 (1975), we stated:

"This court has long held that 22 O.S. § 701 is a comprehensive statute and will not be enlarged nor extended to prevent a fair discussion of evidence. In *Denney v. State*, Okl.Cr., 346 P.2d 359 (1959), in the second paragraph of the Syllabus, the following language appears:

'The Oklahoma statute prohibiting comment on failure of the defendant to testify is comprehensive in the extreme and the Court of Criminal Appeals will not enlarge nor extend its provisions so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witness in her behalf. This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the State's evidence by proper proof other than that which might be given by the defendant personally.' "

■ In the instant case the only evidence presented by the defendant concerned the character of the prosecuting witness and his relationship with the defendant. Under such circumstances it was not improper for the prosecuting attorney to state that the evidence was uncontradicted that the defendant was in possession of the stolen property.

■ In conclusion, we observe that the record reflects that the defendant is indigent. The judgment and sentence is accordingly *MODIFIED* to One (1) year imprisonment in the county jail, and as so modified, the judgment and sentence is *AFFIRMED*.

BLISS and BRETT, JJ., concur.