## MARSHALL DICKSON v. STATE.

No. A-4678.      Opinion Filed Dec. 15, 1924.
(231 Pac. 315.)

(Syllabus.)

1. **Larceny—Title Laid in Ostensible Owner Having Possession.** In an information charging larceny, the title to the alleged stolen property may be laid in the ostensible owner in whose possession it was when it was taken.

2. **Larceny—Possession in Person from Whom Property Stolen Sufficient Ownership.** The actual status of the legal title to stolen property is no concern of the thief. Possession in person from whom property is stolen is sufficient ownership, in a larceny prosecution.

3. **Larceny—Name of Owner of Property Required to Identify Transaction.** In a prosecution for larceny, the name of the owner of the property stolen is only required to identify the transaction, so that the defendant, by proper pleading, may protect himself against another prosecution for the same offense.

Appeal from District Court, Choctaw County; G. M. Barrett, Judge.

Marshall Dickson was convicted of grand larceny, and he appeals. Affirmed.

Warren & Welch, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   This appeal is from a judgment of conviction rendered on the verdict of a jury, finding the defendant

guilty of grand larceny and fixing his punishment at imprisonment in the penitentiary for the term of one year.

The information charged the theft of 375 pounds of seed cotton, alleged to be the personal property of one Trave Patt. It is contended, for appellant, that there is a fatal variance between the allegation of ownership and the proof, in that it is alleged that the seed cotton was the property of Trave Patt, when the proof upon the part of the state shows that it was the property of Jess Patt, his father.

Trave Patt testified that his father, Jess Patt, rented the land, and that the cotton belonged to his father, but that his father had turned it over to him; that he, himself, had about 10 acres of cotton, and the cotton that was stolen was raised on the 10 acres his father had given to him, but that a fourth of the cotton belonged to the landlord.

This cannot be held to constitute a variance, because the actual status of the legal title to stolen property is no concern of the thief. 25 Cyc. 89. The possession of the property by the alleged owner, Trave Patt, was sufficient to make it the subject of larceny, and the title may be held either in the owner or the possession from whom it is taken. Here the proof tends to show ownership as alleged. Section 2560 (Comp. Stats. 1921), Procedure Criminal, provides:

"When an offense involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." Shires v. State, 2 Okla. Cr. 89, 99 P. 1100; Ponosky v. State, 8 Okla. Cr. 116, 126 P. 451; Gunter v. State, 16 Okla. Cr. 476, 184 P. 797.

In the case of Little v. State, 21 Okla. Cr. 1, 204 P. 305, it was held that:

"The actual condition of the legal title of property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be taken as the owner who is in personal possession of the property, and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may properly be described as the owner of the property in the indictment or information."

The evidence clearly establishes the guilt of the defendant, and the instructions fairly state the law applicable to the case.

Finding no error prejudicial to the substantial rights of the defendant, the judgment of the lower court is affirmed.

MATSON, P. J., and BESSEY, J., concur.