27812. EVANS *v.* THE STATE.

DECIDED SEPTEMBER 12, 1939.

*R. C. Whitman, Lula G. Whitman,* for plaintiff in error.

*C. S. Baldwin, solicitor-general,* contra.

MACINTYRE, J. Evans was indicted for the larceny of "24 one-quart case of Tiolene motor oil of the personal goods of one Frank Dennis." He was convicted; his motion for new trial was overruled, and he excepted.

The defendant contends that the indictment alleged that the ownership of the property was in Dennis, whereas the proof showed that the property actually belonged to Eatonton Oil and Auto Company. The evidence authorized a finding that Dennis was the president and sole owner, was actually in charge of all of the property of the Eatonton Oil and Auto Company, as its agent, and was in possession of the property at the time of the larceny. It has been held: "In an indictment for larceny or for burglary the ownership of personal property may be laid in the person having actual lawful possession of the same, although he may be holding it as agent or bailee of another. *Wimbish* v. *State,* 89 *Ga.* 294 (15 S. E. 325)" *Bradley* v. *State,* 2 *Ga. App.* 622 (2) (58 S. E. 1064). In the opinion it was said: "The indictment alleged the ownership of the property to be in one Berry. The proof showed that the money actually belonged to a Tennessee corporation by which Berry was employed, but that it had been entrusted to Berry for the purpose of paying off hands, and that it was stolen from Berry's trunk, where he had placed it for safe keeping. This is sufficient." See also *Thomas* v. *State,*

27 *Ga. App.* 39 (107 S. E. 418). The plaintiff in error relied on *Groce* v. *State,* 51 *Ga. App.* 202, 204 (179 S. E. 825). It will be noted in that case that the indictment alleged the ownership to be in "North Highland Grocery Company," which name imports a corporation. In other words, it alleged the ownership in this artificial person, and the proof did not show that this person, though an artificial one, was the owner, or had any sort of possession or property right in the property, or had any possession of or connection whatsoever with the property, or that Stamm, who was the person to whom the evidence showed the property belonged, was the agent of or had any connection whatsoever with North Highland Grocery Company. In other words, the indictment alleged that the property which was stolen was the property of A, and the proof merely showed it was the property of B, whereas in the instant case the person alleged in the indictment to have been the owner of the property was the person having the actual lawful possession of it and was holding it as agent of another.

Under the law and the facts of this case, the variance between the allegation and the proof of ownership was not of such a character that a new trial should be granted.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*