## JOHN W. CASSELL v. STATE.

No. A-10155. Sept. 2, 1942.
On Petition for Rehearing Feb. 10, 1943.
(128 P. 2d 1016; 134 P. 2d 372.)

Walter Hubbell and Wm. T. Powell, both of Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The information in this case in substance charges that in Cotton county on the 18th day of October, 1940, defendant, John W. Cassell, did then and there, unlawfully and feloniously, in the daytime, take, steal, and carry away without the knowledge or consent and against the will of one Walter Cooper, 14 turkeys, the personal property of the said Walter Cooper, with the unlawful and felonious intent to deprive the owner thereof.

Upon his trial a verdict finding the defendant guilty

as charged was returned and his punishment fixed at a fine of $50.

Motion for new trial was duly filed and overruled. He has appealed from the judgment rendered on the verdict May 12, 1941. The petition in error with case-made attached was filed in this court on October 6, 1941.

The grounds of the motion for new trial and set forth in the petition in error are: That the court erred in overruling defendant's demurrer to the evidence, for the reason there was a material variance between the information and the proof, and that the verdict of the jury is not supported by sufficient evidence, and is contrary to the law and the evidence.

The information was drawn under section 2276, Sts. 1931, 21 O. S. 1941 § 1719, which provides:

"Every person who shall take, steal and carry away any domestic fowl, or fowls, and any person purchasing or receiving such domestic fowl, or fowls, knowing them to have been stolen, shall be guilty of grand larceny, regardless of the value thereof, and upon conviction shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding two hundred dollars, or by confinement in the county jail not exceeding two months, or by both such fine and imprisonment. Laws 1915, ch. 55 § 1; Laws 1929, ch. 20, p. 17 § 1."

The material facts in the case, as disclosed by the record, are substantially as follows:

Walter Cooper lived in Cotton county, eight miles south and three and a half miles west of Walters. On October 18, 1940, he missed 14 of his turkeys; later found 13 of his turkeys at the B. & O. Cash Store, in Temple. One of the 13 had one of his toes cut off, and the turkeys appeared to have been swabbed with iodine, and he had been using that in doctoring them for canker mouth. His daughter, Helen, age 19 years, lived

at home, claimed the turkeys, she had run after them and looked after them, but he owned the old turkeys and the family got the benefit of what the turkeys sold for.

Several other witnesses for the state identified the turkeys as being the property of the Cooper family.

The defendant sold the B. & O. Cash Store 14 turkeys the same day.

As a witness in his own behalf, the defendant testified that the turkeys he sold to the B. & O. Store were turkeys that he had raised himself. The testimony of his wife and son was in support of his defense, and three qualified as character witnesses and testified that his reputation as a law abiding citizen was good.

It would serve no useful purpose to give a further synopsis of the testimony; the jury, after due consideration, decided the issues of fact adversely to the defendant.

The fact that the minor daughter of the alleged owner of the stolen turkeys claimed the turkeys cannot be held to constitute a variance, because the actual status of the legal title to stolen property is no concern of the thief. 25 Cyc. 89.

The Code of Criminal Procedure provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." Sec. 2888, Sts. 1931, 22 O. S. 1941 § 406.

In the case of Little v. State, 21 Okla. Cr. 1, 204 P. 305, it was held that:

"The actual condition of the legal title of property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be taken as the owner

who is in personal possession of the property and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may properly be described as the owner of the property in the indictment or information."

The possession of the property by the alleged owner, Walter Cooper, was sufficient to make it the subject of larceny, and the title may be held either in the owner or the possession from whom it is taken.

It is well settled that in a prosecution for larceny, the name of the owner of the property stolen is only required to identify the transaction, so that the defendant, by proper pleading, may protect himself against another prosecution for the same offense. Dickson v. State, 28 Okla. Cr. 378, 231 P. 315; Keasler v. State, 38 Okla. Cr. 255, 259 P. 1059; Gunter v. State, 16 Okla. Cr. 476, 184 P. 797; Ponoksy v. State, 8 Okla. Cr. 116, 126 P. 451.

While the evidence is conflicting, it is the province of the jury to determine whom of the witnesses to believe, and whom to disbelieve, or whose testimony to disregard, and to declare by their verdict what the truth is.

Where there is substantial evidence to support the verdict, this court will not reverse the conviction on the ground of the insufficiency of the evidence. It is only where the evidence obviously does not warrant the inference of guilt that the court will interfere.

After an examination of the entire record, we are satisfied that the substantial rights of the defendant have not been prejudiced by any error of law, and we find no good reason for disturbing the verdict because of insufficient evidence to sustain it.

The judgment of the district court of Cotton county herein is therefore affirmed.

BAREFOOT, P. J., and JONES, J., concur.

## On Petition for Rehearing.

DOYLE, J. A petition for rehearing was filed in this case on the 9th day of September, 1942. In this petition it is alleged:

"That said plaintiff in error did on the 12th day of May 1942, forward by mail to the Attorney General of Oklahoma his written brief in said cause but by some oversight same was not filed by said Attorney General after service upon him in this case. Plaintiff in error does hereto attach said brief to this petition in error and make it a part hereof."

The petition was granted and counsel for defendant was permitted to orally argue the same, which was done on the 22nd day of October, 1942, and this case was resubmitted and has again been considered. It was revealed at the time of oral argument that counsel for defendant forwarded by mail copies of brief addressed to the Attorney General, and not to the clerk of this court. For some reason these briefs were not filed with the clerk of this court prior to the decision of September 2, 1942. It was a mistake of counsel to send copies of his brief to the Attorney General instead of to the clerk. However, we have now carefully examined the briefs, have heard oral argument, and reconsidered the record and are of the opinion that we came to the correct conclusion in the decision rendered on the 2nd of September, 1942. However, that part of the opinion and syllabus which refers to briefs not having been filed by counsel for defendant is withdrawn and the judgment and sentence of the district court of Cotton county is affirmed and the petition for rehearing denied, and mandate ordered to issue immediately.