IVORY BUTLER v. STATE.

No. A-10192.    Jan. 19, 1944.

(145 P. 2d 215.)

C. D. Wilkinson, of Idabel, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Ed. Shipp, Co. Atty., of Idabel, for defendant in error.

BAREFOOT, J. Defendant, Ivory Butler, was charged in the district court of McCurtain county with the crime of larceny of domestic animals; was tried, convicted, sentenced to serve two years in the State Penitentiary, and has appealed.

When this case was assigned for oral argument, no one appeared for the defendant, and no brief has been filed in his behalf.

When this case was called for trial, the county attorney was granted permission to amend the information by changing the name of the party from whom the yearling was alleged to have been stolen from W. R. Hewett to L. M. Mackey.

Title 22 O. S. A. 1941 § 304 provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause delay of the trial, unless for good cause shown by affidavit."

In construing this statute, we have often held that an information may be amended in matters of either form or substance when it can be done without prejudice to the rights of the accused. Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258; Ward v. State, 34 Okla. Cr. 296, 246 P. 664; Hammons v. State, 47 Okla. Cr. 297, 298 P. 1076; Little v. State, 21 Okla. Cr. 1, 204 P. 305.

In the following cases it has been held that the name of the owner of the stolen property is not a material mat-

ter, and that the legal title to the property alleged to have been stolen is of no concern to the thief: Little v. State, supra; Dickson v. State, 28 Okla. Cr. 378, 231 P. 315; Teague v. State, 64 Okla. Cr. 369, 81 P. 2d 331; Cassell v. State, 76 Okla. Cr. 79, 128 P. 2d 1016.

There was a direct conflict in the evidence, the defendant testifying that he had raised the yearling and it was his property. Witnesses for the state testified that it was the property of Mr. Mackey, who had purchased it from Mr. Hewett. With this conflict in the evidence the verdict of the jury will not be set aside by this court on appeal. It is only when the evidence is insufficient to sustain the judgment and sentence that the court on appeal will set aside the verdict of the jury. This court has repeatedly held that where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of the defendant, the verdict will not be set aside.

Finding no reversible error, the judgment and sentence of the district court of McCurtain county is affirmed.

JONES, P. J., and DOYLE, J., concur.