# ERNEST BOZARTH v. STATE.

No. A-10438.   Aug. 1, 1945.
(161 P. 2d 342.)

J. W. Burrow, of Gage, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and A. Wayne Billings, County Atty., of Woodward, for defendant in error.

BAREFOOT, P. J.   Defendant, Ernest Bozarth, was charged in the district court of Woodward county with the crime of forgery, was tried, convicted and sentenced to serve a term of eighteen months in the State Penitentiary.   From this judgment and sentence he has appealed.

The only assignment of error relied upon by defendant is that the evidence is insufficient to sustain the judg-

ment and sentence. This necessitates a short statement of the facts.

Newcomb, Frost & Company, a copartnership composed of W. H. Newcomb, Brandon Frost and Roy Adams, was engaged in the mercantile business in the city of Woodward, Woodward county, on September 30, 1941. Thelma Walker was a clerk in the store on that date. She testified that late in the evening of September 30th, the defendant came into the store and purchased certain merchandise consisting of a jumper, overalls, shirts and towels, the total price of which was $4.19. In payment of the merchandise, defendant offered a check, which was in words and figures as follows:

"Shattuck Sales Barn
"Tiffin & Thomas            No. 501
"Gage, Okla., Sept. 25, 1941
"Pay to the order of            D. E. Smith            $42.00
    "Forty-two Dollars no/100                          Dollars.
                            "Tiffin & Thomas
                            "By Tiffin & Thomas.
"First State Bank,            (Notation by Bank:
"86-1215 Gage, Okla.             Signature not correct.)
Endorsed: "D. E. Smith
            "Pay to the Bank of Woodward, Woodward
            Okla., or order.
            Newcomb, Frost & Co. 30
    "All other Bank endorsements cancelled."

Miss Walker presented this check to Mr. Frost for his OK and Mr. Frost talked with the defendant, inquiring if his name were Smith, and, being assured that it was and after other investigation, the defendant endorsed the name "D. E. Smith" on the check in the presence of Mr. Frost, the check was accepted and Mr. Newcomb gave defendant cash in the amount of $37.81, the differ-

ence between the price of the merchandise purchased and the amount of the check.

After the transaction was completed, Mr. Newcomb followed the defendant and saw him enter a truck and he took the license number and a description of the truck. It was the result of this action that the defendant was later located, arrested, and charged by information with the crime of forgery.

The check was presented to the bank for payment, and payment was refused by reason of its being a forged instrument. Both Mr. Tiffin and Mr. Thomas testified that they did not sign the check, and that it was a forgery. Neither of them knew the defendant, nor anyone by the name of D. E. Smith.

The sheriff of Woodward county on October 7, 1941, searched the premises of the defendant and two towels of the same description as those purchased at Woodward were found and introduced in evidence. None of the other property was found on the premises, but the evidence revealed that the officers were in the vicinity of defendant's home several days prior to searching the same, and that defendant knew they were making an investigation of the crime.

Defendant's defense was in the nature of an alibi. He claimed that he was not in Woodward on the date alleged, to wit: September 30, 1941; and other witnesses testified as to his presence at a different place on that date, and at about the time it was testified he was in Woodward.

Mr. George Pemberton, in whose pickup it was contended defendant left Woodward after making the purchase of the merchandise, was a witness for the defend-

ant. He testified that he was in Woodward on the date alleged, and that when he started to leave some party unknown to him came to his pickup. He testified:

"A. Yes, some fellow walked up and asked me which way I left from town and I told him and he wanted to know if he could ride, and I told him 'yes', and he rode to the 'Y' with me."

He didn't know the man, and didn't know what kind of clothing he was wearing, and had never seen him before or since that time. The man was carrying a small bundle which he pitched in the back of the pickup.

On cross-examination this witness was asked if Sheriff Quickle of Woodward county did not ask him if anyone rode with him when he left town on that date, and he at first denied that anyone was with him, but when the sheriff told him that someone was seen to enter his car that he then remembered that this stranger had entered, and he then told about it. He denied this happening and on rebuttal Sheriff Quickle testified to the above facts. This witness also testified that he saw the defendant in the town of Buffalo just before he went to Woodward on the evening of September 30th, but that defendant did not go with him to Woodward.

There was conflict in the testimony of other witnesses, but it is unnecessary to make reference thereto. The defendant was positively identified by Mr. Frost, Mr. Newcomb and Miss Walker as the party who purchased the merchandise, presented the check, and endorsed the name of D. E. Smith thereon. The jury saw all of the parties. It is not the province of this court, on an appeal, to set aside a verdict of the jury where there is a conflict in the evidence. The jury is in much better position to pass upon the testimony where there

is a conflict. It is only when the evidence is insufficient to sustain the judgment and sentence that the same will be set aside. Butler v. State, 78 Okla. Cr. 133, 145 P. 2d 215; Wehr v. State, 79 Okla. Cr. 426, 155 P. 2d 731; Graham v. State, 80 Okla. Cr. 159, 157 P. 2d 758.

The evidence of the state was sufficient to justify the finding of the defendant guilty by the jury.

The judgment of the district court of Woodward county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.