Luther Aubrey MURFF, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13187.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1963.

Rehearing Denied March 12, 1963.

Jack Freeman, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Luther Aubrey Murff, who will hereinafter be referred to as the defendant, was charged by Information in the District Court of Oklahoma County with committing the offense of Burglary in the Second Degree. He was tried before a jury who found defendant Guilty and assessed his punishment at 7 years in the Oklahoma State Penitentiary.

The defendant lodged his appeal within the time prescribed by law and relies upon numerous assignments of error for reversal. We shall discuss them in the order in which they are set forth in the brief of defendant.

■ Defendant's first contention is that he was denied the right to a preliminary hearing in that the trial judge committed error in refusing to remand the case to the court of a committing magistrate for preliminary hearing for the reason that no preliminary hearing was held and defendant was denied his right to counsel at that stage of the proceeding. We cannot agree with counsel for the defense in this regard. The record shows that defendant was arraigned after arrest before a Justice of the Peace on February 2, 1959, entered a plea of Not Guilty, waived preliminary hearing, was bound over and Bond set in the sum of $25,000.00. On the 13th of February, 1959, defendant appeared before District Judge Wallace and the court minutes show defendant waived reading of the Information and entered a plea of Not Guilty. Bond was set in the sum of $10,000.00. Bond was made and defendant released from custody. The record reflects that defendant had served two terms in the Texas Penitentiary and one term in the Ohio Penitentiary, and one term in the Tennessee Penitentiary. He was no stranger to the courts and was evidently thoroughly familiar with what was taking place. He was no novice to the

procedure. No doubt defendant was conscious of the consequences of his act and had a right to waive his preliminary hearing. This Court has said in the case of Burchfield v. State, 85 Okl.Cr. 415, 188 P.2d 392, that:

"The constitutional provision, article 2, § 17, Oklahoma Constitution, that 'no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such examination,' is for the benefit of an accused, and which, by express terms of the Constitution, he may waive."

In the case of Parker v. State, Okl.Cr.App., 330 P.2d 1049, this Court further held:

"The entire preliminary proceedings may be waived in the trial court, and are waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits.

"After a plea of not guilty is entered upon arraignment in district court without filing a motion to quash the information, the question as to failure to have a preliminary examination is waived and may not be raised by an objection to the introduction of evidence at the beginning of the trial."

Defense counsel further complains that defendant did not have counsel at the time he waived his preliminary. We would have attached some contention to this assertion if defendant had been young and inexperienced and had entered a plea of Guilty. This is not the case. He entered a plea of Not Guilty and his experience would indicate his knowledge of the consequences of the waiver. However, he later had counsel at least 2 years prior to trial. A number of continuances were had at the request of defendant. It is stated in the record by the County Attorney and uncontradicted by defense counsel that defendant was represented by Herbert K. Hyde, a very able defense attorney, at the arraignment in

District Court on February 13, 1959. There was no objection at that time about defendant not having a preliminary without benefit of counsel. The case was set for trial on January 8, 1962. This Court has held in the case of Ex parte Vanderburg, 73 Okl. Cr. 21, 117 P.2d 550, that:

"The question as to whether one accused of crime has waived his right to counsel must depend in each case upon the particular facts and circumstances surrounding that case, including the background and experience of accused, and no abstract rules of law may be set forth which will be applicable to every case."

In view of the fact that defendant was experienced in court room appearances, and in view of no objection being made until the time of trial, defendant is deemed to have waived counsel during that stage of the proceedings.

Defendant next contends that the State was permitted to amend the Information on the day of trial without granting his request to remand to examining magistrate for a preliminary on the amended Information. The record reflects that the defendant had been charged with Burglary in the Second Degree after Former Conviction of a Felony. On the day of trial the County Attorney asked to amend the Information by deleting all matters relative to a former conviction of a felony. His request was granted by the trial judge. Defendant offered no objection to the amended Information but did request that it be remanded for a preliminary hearing.

Under Title 22 O.S.A. § 304, our Statute provides that an Information may be amended after plea, or on the order of the Court where the same can be done without material prejudice to the rights of the defendant. In Butler v. State, 78 Okl.Cr. 133, 145 P.2d 215, this Court said:

"[W]e have often held an information may be amended in matters of either form or substance when it can be done

without prejudice to the rights of the accused."

Also, see Ex parte Conway, 84 Okl.Cr. 118, 179 P.2d 699; Stephens v. State, 73 Okl.Cr. 349, 121 P.2d 326; Herren v. State, 72 Okl Cr. 254, 115 P.2d 258.

■ The amended Information was identical with the first except the reference to a former conviction was deleted. The amendment complained of did not affect the validity of the Information in any sense. It charged the same offense before as it did after the amendment. That portion of the Information relative to the prior offense only provided the means to enhance the punishment in case they should find defendant guilty of the offense charged. To strike that portion of the Information could not prejudice the rights of defendant, as it decreased the maximum penalty from 10 to 7 years. It would have constituted error had it remained in the Information. The record shows the original Information was filed on the 4th day of February, 1959. On February 1, 1962, this court handed down a decision, Harris v. State, Okl.Cr.App., 369 P.2d 187, setting down the procedure for prosecuting a case in which a former conviction could be alleged. It precludes mention of a second offense in the Information except to be on a separate page and kept from the jury until after defendant's guilt or innocence had been determined on the offense for which he was being tried. The trial judge did what he had to do in making the Information come within the law. To have permitted it to remain a part of the original Information would have been fatal error. It was not such an amendment that would require a new preliminary hearing.

■ The next contention of the defendant is that the court erred in refusing to grant a continuance. The casemade shows that the original Information was filed on February 4, 1959. The case was set for trial March 3, 1959. It was stricken at request of defendant; re-set for April 18, and on April 10, stricken at request of defendant. Re-set for June 2, 1959, a motion for continuance was filed by his attorney, and

it was granted. The case was then set for September 14, 1959, and continued. The case was set for September 23, 1959, and defendant failed to appear. Defendant was in the penitentiary in the state of Texas. Bond was forfeited and thereafter the bond forfeiture was set aside on November 18, 1959. Then set for trial, January 8, 1962. On day of trial, attorney for defendant, Jack Freeman, made an oral request that the case be continued because his law partner had handled the case and had developed a nose bleed the night before and was confined in his bed at home. The oral motion was overruled by the trial court, who said, "Well in that the firm has been representing him, and in that this attorney has appeared, the case is on the docket, the Motion for Continuance will be denied and exception allowed."

The case had been pending almost 3 years. Numerous continuances were granted and defendant had very able counsel who showed evidence of being familiar with the case. The record reflects that in the absence of Mr. Hyde the case was handled by his partner, Jack Freeman, an able trial lawyer, who represented the defendant in superb fashion. A review of the trial record certainly does not lead this Court to believe that the defendant was prejudiced by his counsel. The question was not raised in the Motion for New Trial, nor was it raised in the Petition in Error. In the case of Coffey v. State, 38 Okl.Cr. 91, 258 P. 923, this Court said:

"An application for continuance on the ground of the absence of leading counsel is properly denied, where defendant is duly represented by his other counsel."

Also, see Payne v. State, 10 Okl.Cr. 314, 136 P. 201; Reed v. State, 14 Okl.Cr. 651, 174 P. 800.

■ Continuances are left to the sound discretion of the trial judge and judgment and sentence will not be reversed unless there is a clear abuse of that discretion.

Defendant further complains of improper conduct on the part of the County Attorney. We have closely examined the record and

find the case was vigorously prosecuted and vigorously defended, but no conduct that would justify reversible error.

 Defendant contends he was prejudiced by the County Attorney's argument to the jury when he said "This man is a professional thief." The record reflects that defendant had been convicted of Robbery and Theft six or seven times over a period of time dating from 1921 to 1960. It is apparent that the statement was reasonably deducible from the evidence. The trial court sustained defendant's objection to the statement and admonished the jury not to consider the statement. Where this is done, it tends to cure the error unless the argument is of such a nature that it would rouse the passion and prejudice of the jury as to sway them from arriving at a just verdict.

In the case of Gregg v. State, 69 Okl. Cr. 103, 101 P.2d 289:

"It is the duty of the county attorney in his argument to the jury to confine himself to the facts as shown by the evidence. But they have the right to draw their deductions and conclusions, and unless the statements or arguments are such that they deprive a defendant of his substantial rights, or are such that would arouse the passion and prejudice of the jury to the extent that they would be swayed from arriving at a just verdict, the judgment and sentence will not be set aside on appeal."

Defendant and his partner were located at night in Buchanan's Food Market at 59th and South Western. A hole had been cut in the roof of the store. The burglar alarm was set off. Officer McKittrick and Officer Hervey were cruising close by and received the report as to the burglar alarm. They went to the premises, and upon investigating, detected two persons in the building, one of whom had a pistol.

Other officers were summoned and the premises surrounded. Officer Keester testified he observed the men in the building climb up a rope ladder. Officers Keester and Sullivan went to the back of the building with two other officers, took a position on top of a truck where they could observe the roof and saw two objects moving behind the air-conditioner. They spent one hour trying to persuade the men to come down and finally Officer Huckabee went up a fire ladder, came up behind the men and ordered them out with their hands up. They were brought down and handcuffed. The officer identified the defendant as one of these men.

Defendant presented a unique defense by contending his associate said he was going into the building 'to see what was in those registers'. That he tried to talk him out of so doing. That he waited in the car while the associate entered the building. After waiting a long period of time, he went to see what had happened to him. He knocked on the window, couldn't get any response, so he went up on the roof, found the hole and called to his associate and he answered. But the police arrived before they could get off the roof. After police had surrounded the building, he was escorted from the roof by officers. He denied any attempt to participate in the burglary.

 Whether or not his story was accurate constituted a question for the jury. Evidently they chose not to believe him. They found him guilty and the verdict was supported by ample evidence.

After a careful review of the record, we find no errors of law that would justify this Court interfering with the verdict of the jury.

Therefore, the judgment and sentence of the lower court is hereby affirmed.

BUSSEY, P. J., concurs.

JOHNSON, J., not participating.