**CITY OF TULSA, Appellant,**

v.

**George HALEY, Appellee.**

**No. O-76-282.**

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1976.

On Rehearing Sept. 1, 1976.

Edward J. Hicks, Asst. City Atty., for appellant.

No appearance for appellee.

## OPINION

BUSSEY, Judge:

George Haley, Appellee, was charged in the Municipal Criminal Court of Record of the City of Tulsa, Oklahoma, for three offenses of Assault on a Police Officer. On February 24, 1976, these charges were consolidated for jury trial. Prior to empanelling the jury, the City requested leave to amend all the Informations to reflect simple "Assault and Battery." The City's request was granted over objection by Appellee. On the same day, after a jury was empanelled and sworn to try the case, the City again requested leave of the Court to amend the three Informations to reflect precisely how the assaults and batteries were alleged to have taken place. The Appellee objected to the amendments and orally demurred to all three Informations. After hearing argument from both sides, the Court overruled the City's request to amend and sustained the Appellee's demurrer and ordered that jeopardy had attached, and no further action could be taken by the City in these three cases. From said ruling the City has perfected a timely appeal to this Court, reserving questions of law.

The City's first assignment of error is that the trial court erred in holding that the Informations were insufficient as a matter of law to withstand demurrers. The Informations, as amended prior to trial, read, in pertinent part, as follows:

". . . Comes now Waldo F. Bales, the duly appointed qualified and acting City Attorney, of the City of Tulsa, Tulsa County, Oklahoma, and inform the Municipal Court of the City of Tulsa, Tulsa County, Oklahoma, that heretofore, to-wit: On or about the 2nd day of January, 1976 within the corporate limits of the City of Tulsa, Tulsa County,

Oklahoma, George Haley the above named defendant, did then and there unlawfully, wrongfully, wilfully and knowingly commit an assault and battery upon the person of (J. Isnardi) (R. Fagan) (D. Bradley), at 1120 South Utica, Hillcrest Hospital. . . ."

The City contends that a defendant, who pleads and goes to trial without first demurring or otherwise objecting to the Information, has waived all defects in the Information except that the Information fails to allege a crime or that the trial court lacks jurisdiction over the matter. Based upon this contention, the City asserts that the mere fact the Informations could have been better, or the fact that they alleged the offenses in the form of conclusions, is not the type of deficiency which can be raised for the first time after a jury has been empanelled and sworn.

Although the City is correct in contending that defects in an Information can be waived by not entering a timely demurrer, the defects in the Informations herein are the type which are not waived and may be raised at any time, even for the first time on appeal. See *Cornett v. State,* 96 Okl.Cr. 125, 250 P.2d 55 (1952); *Brannon v. State,* 94 Okl.Cr. 261, 234 P.2d 934 (1951); and *Chandler v. State,* 96 Okl.Cr. 344, 255 P.2d 299 (1953), which stand for the proposition that where an Information is fundamentally defective so that it states no crime, such question may be presented for the first time on appeal.

The provisions of the Oklahoma Constitution, Article 2, § 20 of the Bill of Rights, provide:

"In all criminal prosecutions the accused . . . shall be informed of the nature and cause of the accusation against him . . . ."

Under the provisions of 22 O.S.1971, § 401 dealing with the form and requisites of indictment or information, it is provided:

"The indictment or information must contain:

"1. The title of the action, specifying the name of the court to which the in-

dictment or information is presented, and the names of the parties.

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

And, under 22 O.S.1971, § 402, it is provided:

"The indictment or information must be direct and certain as it regards:

"1. The party charged.

"2. The offense charged.

"3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

After carefully examining the Informations in the instant case, we are firmly convinced that they are fatally defective for failing to allege the acts constituting the offense of Assault and Battery, as mandated by the foregoing constitutional and statutory provisions of the State of Oklahoma. These provisions require more than is contained in the Informations. Did the Appellee strike the complainants with his fist, kick them, push or shove them down, or what? From reading the Informations we do not know, and the Appellee would not know what acts he must be prepared to meet in the present prosecution and defend against in any subsequent prosecution for the same offense. See, *Fish v. State*, Okl.Cr., 505 P.2d 490 (1973).

We therefore find no error in the trial court for sustaining a demurrer to the Informations.

The City's second assignment of error asserts that the trial court erred in not disregarding the defendant's demurrers to the Informations since said demurrers were not in writing, and the defendant did not withdraw his pleas of not guilty.

■ Title 22 O.S.1971, § 505 provides that a demurrer must be in writing. However, in 22 O.S.1971, § 512, is provided:

"When the objections mentioned in Section 504 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken after the arraignment of the defendant or may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

We believe that the objection to the Informations, although presented as a demurrer, may be deemed an objection taken under Section 512, supra; that the facts stated do not constitute a public offense, and that the objection may be taken at the trial, under the plea of not guilty. This position is consistent with our foregoing conclusion that the defects in these Informations are of the type that are not waived and may be raised at any time. It would be inconsistent and contrary to the laws of this State to uphold the contention of the City.

Therefore, finding no merit to the assignments of error presented, it is our opinion that the trial court's judgment should be, and the same is, hereby, AFFIRMED.

BRETT, P. J., and BLISS, J., concur.

## OPINION ON PETITION FOR REHEARING

BUSSEY, Judge:

■ On the 13th day of August, 1976, this Court affirmed the Order of the trial court sustaining the Demurrer to the Informations. On rehearing, the City of Tulsa asserts that it is inconsistent for this Court to hold that the Informations in question were insufficient and then to uphold the trial court's Order that jeopardy had attached to preclude further action by the City in these three cases. Although the City's assertion has some merit, it is ultimately more correct to view the case at

bar as one involving a statutory bar to further prosecution rather than in terms of jeopardy. This follows from the action of the trial court in sustaining the Appellee's Demurrer to the Informations, which were insufficient. We are of the opinion that this situation falls within 22 O.S.1971, § 508, which provides as follows:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

Therefore, further prosecution is barred under this statute in accordance with the court's Order, and the question of whether jeopardy attached is not a real consideration.

Another contention of the City in its Petition for Rehearing pertains to the sufficiency of the informations. This issue has been decided in our holding that the informations were insufficient, and will not be disturbed.

The final contention of the City is that our decision in this case makes it impossible for Municipal and Traffic Courts to rely on citations as informations. Our decision does not affect the provisions of 11 O.S.1975 Supp., § 785.1, pertaining to commencement of prosecutions in a Municipal Court of Record, nor the previous decisions of this Court upholding citations as proper informations when properly executed.

For the above and foregoing reasons, the decision as previously rendered is hereby AFFIRMED, and the Clerk of this Court is directed to issue the Mandate FORTHWITH.

BRETT, P. J., and BLISS, J., concur.